D. M. OSBORNE & Co. *vs.* GILBERT PAULSON and another.

May 28, 1887.

Supreme Court—Costs—Taxation.—The costs and disbursements of the prevailing party, in a cause in the supreme court, are recoverable only in that cause, in the manner prescribed by the rules of court. By neglect to have the costs taxed and inserted in the judgment, the adverse party may cause judgment to be entered, under rule 30, without provision being made for costs, and the right to recover the same is forfeited.

In a former action between these defendants as plaintiffs and this plaintiff (a corporation) as defendant, the then plaintiffs had a verdict, and the then defendant appealed to this court from an order refusing a new trial, and the order was reversed. *Paulson* v. *D. M. Osborne & Co.*, 35 Minn. 90. The prevailing party (this plaintiff) neglected to have the costs taxed and judgment entered in this court, and thereupon the other party to the appeal, (these defendants,) more than 20 days after notice from the clerk of the determination of the cause, caused judgment to be entered, under rule 30, without any allowance for the costs and disbursements of this plaintiff. This action was brought in the district court for Otter Tail county to recover such costs and disbursements. A demurrer to the complaint was sustained by *Baxter*, J., and the plaintiff appealed.

*Russell, Emery & Reed,* for appellant.

*E. E. Corliss,* for respondents.

DICKINSON, J. The statute provides that costs in the supreme court may be "allowed" to the prevailing party, and specifies the amount of the same; also that, "in all cases, the prevailing party shall be *allowed* his disbursements," etc. Gen. St. 1878, *c.* 67, §§ 16, 17. No provision is made for the recovery of such costs and disbursements. It was intended that the court should provide means for enforcing the recovery of such allowances, as it has done by rule under which costs may be taxed and inserted in the judgment, which may be enforced by execution. Rule 30, however, is to the effect that, if the prevailing party shall neglect to avail himself of the

means thus provided for securing the insertion of his costs in the judgment within 20 days after notice of the determination of the cause, the adverse party may cause judgment to be entered without inserting any allowance for costs or disbursements, except the clerk's fees. By neglect to comply with the prescribed means of securing an allowance of his costs, the party who is entitled to the same forfeits his right.

This separate action for the recovery of costs and disbursements cannot be maintained, and the order sustaining the demurrer is affirmed.