## SMITH v. ALFORD.

No. 1762.  Decided December 11, 1906 (88 Pac. 16).

1. SET-OFF AND COUNTERCLAIM — GROUNDS OF REMEDY — TORTS.—A tort cannot be counterclaimed against another tort.[1]

2. APPEAL — HARMLESS ERROR — OVERRULING DEMURRER. . The error in overruling a demurrer to a counterclaim was not prejudicial to plaintiff where the court and jury found that plaintiff had no cause of action, and damages allowed under the counterclaim were remitted.

3. COSTS — TAXATION — MEMORANDUM — WAIVER TO OBJECTIONS.— Though Revised Statutes 1898, section 3350, provides that the party entitled to cost must deliver to the clerk and serve a copy on the adverse party within five days after the verdict or notice of the decision of the court or referee a memorandum of the items of his costs, where the defendant in a suit for injunction filed his memorandum after special findings by the jury in his favor, but before any findings or conclusions were made by the court, and the plaintiff appeared and objected to the memorandum on the merits, he could not thereafter, on motion for retaxation of costs, assert that the memorandum was filed prematurely.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by A. R. C. Smith against Gideon Alvord. From a judgment in favor of defendant, plaintiff appeals.

AFFIRMED.

*H. H. Henderson* and *H. R. Macmillan* for appellant.

*Joseph Chez* for respondent.

### APPELLANT'S POINTS.

It hardly seems necessary to discuss the proposition that a tort cannot be offset against a tort.  Our Supreme Court

---

[1] See Marks v. Tompkins, 7 Utah 421, 27 Pac. 6.

has so decided, and in harmony with this decision are all the text-books we have so far examined. (*Marks v. Tompkins,* 7 Utah 421; Pomeroy, Remedies and Remedial Rights, par. 790; Bliss on Code Pleading, par. 376; *Shelly v. Vanarsdoll,* 23 Ind. 543; *Hess v. Young,* 59 Ind. 379.)

RESPONDENT'S POINTS.

It is well to bear in mind that appellant's motion is not limited to quashing respondent's cost bill, but it sets forth grounds to retax costs and was heard on the merits. The appellant had witnesses called in his behalf and evidence was offered by him and received by the court on his motion to retax costs. If there were objections to the premature time of filing respondent's cost bill, did not appellant waive it by going to the merits of the controversy? Can appellant now say he was harmed because respondent filed his cost bill before the law required since he waived that contention by proceeding on the merits and having his hearing thereon? Does not the same analogy hold in this proceeding that governs the procedure in trial practice? We believe it does. (*Burnham v. Lewis* [Kan.], 70 Pac. 337; *Sears v. Starbird* [Cal.], 20 Pac. 547; *Nicholes v. Kochensperger* [Ill.], 46 N. E. 237; *Banker's Life v. Robins,* 59 Neb. 170; *Bank v. Bank,* 45 Neb. 29; 2 Elliott's General Practice, par. 474 and citations; *Rosenberg v. Clofin & Company,* 10 So. 521; *Dikeman v. Mrotek,* 45 N. W. 118.)

FRICK, J.

This action is one in equity in which plaintiff prayed for injunctive relief and incidental damages growing out of an alleged trespass committed by defendant upon real estate owned by the plaintiff. The pleadings are very voluminous, comprising both amended and supplemental answers, to all of which demurrers, both general and special, were interposed and overruled. In view of the result in the lower court, and to the conclusions reached by us upon the whole record, it could subserve no practical purpose to set forth, in detail, either the pleadings or facts upon which the final judgment

is based. It appears from the complaint that the plaintiff (hereafter called appellant), is the owner and in possession of certain real estate in Weber county, Utah; that the defendant (hereafter called respondent), commenced digging a ditch close up to and along the boundary line of appellant's and respondent's lands; that a post fence had been erected and certain shade trees were growing and standing on appellant's land along said boundary, all of which, it is alleged, respondent injured in digging said ditch; that said ditch was not being dug by respondent for any useful purpose, but for the purpose of loosening the soil around the fence posts and to cut the roots of said shade trees, for the purpose of having them blown down by the winds and destroyed. A temporary restraining order was duly issued. Respondent answered the complaint, denying all the allegations thereof, and as a further defense alleged that appellant and respondent were owners of adjoining lands; that respondent's land was higher than appellant's and that there existed a certain swale or depression running through both appellant's and respondent's lands, which swale served as drainage for respondent's and other lands; that in the springtime of each year, and especially during the heavy rainfall of the spring of 1905, a large body of water accumulated and flowed into said swale, and through it down over appellant's land; that appellant had, many years prior to the commencement of this action, constructed a ditch, through which said water found an outlet, which ditch had been used for that purpose for many years; that appellant wrongfully obstructed the flow of water in and through said ditch, and that therefore respondent was digging the ditch complained of on his own land for the purpose of preventing injury and damage thereto, and that the digging of said ditch did not in any way injure the appellant, nor any one. Respondent pleaded many other facts not material here, and hence need not be stated, except that in the supplemental answer he set forth a so-called counterclaim for damages sustained by him from certain acts committed by appellant after the restraining order was issued, in cutting down certain shade trees growing along the boun-

dry of the lands aforesaid, and in chopping off the limbs therefrom and throwing the same upon respondent's land, and destroying the fence belonging to him, to his damage in the sum of $250. Respondent asked judgment for damages, and prayed for general relief, in both the answer and supplemental answer. Appellant interposed a demurrer to the alleged counterclaim, which was overruled, after which a reply was duly filed. A trial was had upon the foregoing issues, a jury being called to try the issues of fact presented. The jury made answer to special interrogatories, the first, fourth, and fifth, only, being material, are as follows: ' "Q. Were the trees in question in this action planted on the boundary line between the land of plaintiff and the land of defendant? A. No." "Q. What amount of damages, if any, was caused to the plaintiff by the defendant digging the ditch in question, which he did dig, and by cutting the roots of said trees in the manner shown by the testimony? A. No damage." "Q. What amount of damages, if any, was done to the defendant by the tops of the trees being thrown on his land by plaintiff in the manner shown by the testimony? A. $10." The court thereafter made findings of fact and conclusions of law in which he adopted the findings of the jury, and found in favor of the respondent upon all the issues, and as conclusions of law ordered the temporary injunction against respondent dissolved; that appellant recover nothing; that his complaint be dismissed, and that respondent recover his damages, amounting to the sum of $10, and costs against appellant. Judgment was duly entered in conformity with the findings and conclusions of law aforesaid. A motion for new trial was duly filed by appellant upon the statutory grounds, and, upon a hearing thereof, the court ordered a new trial, unless the respondent would remit from the judgment the damages allowed him therein. Respondent duly remitted the damages, after which modified and amended findings of fact and conclusions of law were duly filed, and the judgment was modified to conform thereto. Thereupon the motion for a new trial was overruled. As supplemental to the foregoing history of the case it is further necessary to state that the findings of the jury were

returned and filed on October 3, 1905. The original find-
ings, conclusions, and decree were made on the 31st of the
same month, and those modifying the original were made on
December 7, 1905; all of which were made in open
court, as appears from the record. On the 5th of Octo-
ber, 1905, respondent's counsel filed and served a cost bill,
and on the 9th appellant's counsel filed a motion to retax the
costs, and to strike the memorandum of costs from the files
upon the ground that the same was filed before judgment, and
hence was premature. Thereafter, on the 20th day of No-
vember, 1905, there was a hearing upon the merits of the
foregoing motion to retax costs, and appellant introduced
evidence thereon, and, after a hearing thereof, the court de-
nied the motion, to which appellant duly excepted. An ap-
peal is prosecuted from the judgment as finally entered, and
the rulings of the court made during and after the trial.

The evidence is not preserved in a bill of exceptions, and,
the judgment being supported by the findings and conclusions,
it will be necessary to consider such errors only as may affect
the judgment indirectly, and these may be covered by con-
densing appellant's assignments into two, to wit: (1) That it
was error to overrule the demurrer to the alleged counter-
claim; and (2) that the court erred in denying appellant's
motion to retax costs, and in refusing to strike the memoran-
dum from the files.

We need not stop now to consider the precise matters that
may or may not be counterclaimed. In this case, however,
the matters set forth by appellant, in his complaint. all sound
in tort, and this is likewise true of the counterclaim of re-
spondent, to which the demurrer was directed. The coun-
terclaim, therefore amounted to an attempt to meet a tort
with another tort. The great weight of authority on this sub-
ject, as well as the reason of the thing, under statutes per-
mitting counterclaims, is to the effect that a tort cannot be
counterclaimed against another tort. Such is the rule
adopted in this state. (*Marks v. Tompkins,* 7 Utah 421, 27
Pac. 6.) The whole matter is learnedly discussed in Pome-
roy, Code Rem. (4th Ed., sections 781-792. The court erred,

therefore, in overruling appellant's demurrer to the counter-claim of respondent but, in view of the court's subsequent acts, the question to be considered is, was the error prejudicial to the substantial rights of appellant? We think not. From both the findings of the jury and the court it appears that appellant sustained no injury from the acts of respondent complained of by appellant. This is not a case where it was permitted to scale down one party's claim by the claim of his adversary, which such adversary had no right to present for allowance in the action. In this case the appellant had no cause, and therefore no right of action, against the respondent. Both court and jury concur in this. The error, therefore, consisted in submitting matters set up in respondent's counterclaim to the jury. The jury, however, found just what the damages were, and the court afterwards remitted all of them, and, by the modified findings, conclusions, and decree, it conclusively appears that the case was finally determined as it should have been, to wit, upon the issues presented in appellant's complaint, and by the denial of the respondent's claim. The case, therefore, as finally determined, as now appears, is simply a dismissal, of appellant's action for want of equity, a dissolution of the temporary restraining order, and a judgment for costs in favor of respondent. It thus affirmatively appears that appellant suffered no injury whatever from the ruling of the court on his demurrer, nor from the finding of damages in favor of respondent, as all of these matters were subsequently decided in appellant's favor. The fact that appellant suffered nothing is so self-evident that we shall not cite any authorities in support of our holding. The first assignment of error is, therefore, not sustained.

Did the court err in denying appellant's motion to retax costs, and in not striking the memorandum of costs from the files? The motion of appellant, so far as material here, is as follows: "Move the court to retax the costs in said action, as shown in the memorandum of costs and disbursements, filed by the above-entitled defendant, in the above-entitled action, on October 5, 1905, and to strike said memorandum

of costs and disbursements from the files upon the grounds:
. . . That the same was prematurely filed." Further,
"that the same was filed before judgment rendered upon the
verdict of the jury in the above-entitled action, which ver-
dict is advisory only." This is followed by the several items
of costs, which appellant's counsel asked to be disallowed. On
November 20, 1905, there was a hearing upon the items ob-
jected to, at which hearing appellant introduced evidence in
support of his contention, and the court, after being fully
advised, denied the motion. The record does not disclose
whether or not counsel for appellant insisted upon that part
of the motion asking that the memorandum be stricken. All
that the record discloses is that a hearing was had, that evi-
dence was heard in behalf of appellant, and that thereupon
the motion was denied, and the costs taxed as claimed by the
respondent. Costs are a creature of the statute merely, and
the Legislature, who alone has the power to grant them, may
likewise impose the conditions upon which they are to be al-
lowed. In this state the conditions imposed are found in
section 3350, Revised Statutes 1898, which, in substance, pro-
vides that the party entitled to costs must deliver to the clerk,
and serve a copy upon the adverse party, within five days af-
ter the verdict or notice of the decision of the court or referee,
a memorandum of the items of his costs, etc. As we have
seen in this case, the special findings of the jury were re-
turned on the 3d day of October, 1905, while the original
findings, conclusions, and judgment of the court were not
made until the 31st day of the same month. Appellant's
counsel, however, were served with a copy of the cost bill
on the 5th day of October, and the same was filed on that
day. On the 9th appellant's counsel filed the motion referred
to above, which was overruled at a hearing thereof, as above
stated. The Supreme Court of California has held that a
cost bill which is filed before the findings of fact and con-
clusions of law, which, it is held, constitute the decision men-
tioned in section 3350, supra, is filed prematurely, and hence
is of no force or effect. (*Sellick v. De Carlow*, 95 Cal. 644,
30 Pac. 795.) It, however, is not necessary in this case, to

determine whether or not the ruling in the California case is sound or not. Cases may be found that hold both ways in respect to the time an act is within the purview of a statute using language similar to that used in section 3350 aforesaid. In this case the objection is purely technical, and , if the statute has been substantially complied with, the appellant ought not prevail upon a mere technicality. The difficulty in this case, as is apparent, arose from the fact that the jury made special findings finding the issues in favor of respondent. Upon this counsel based their filing and service of the cost bill. The court had not, however, adopted these findings, and hence had rendered no decision in the case. The cost bill was, therefore, technically filed and served before a decision was made. But the appellant had, in fact, all that the statute contemplated, and, this being so, he could waive the time in respect to the filing and service of the cost bill. This it was possible for him to do expressly or by implication. We think that when appellant made an attack upon the cost bill by objecting to the items therein, and introduced evidence in support of his contention, he recognized the memorandum on file as a cost bill filed under the statute, and not as a mere paper incumbering the record. The option was his; he could move the court to strike the bill as a mere paper improperly on file in the case, or he could recognize it as a cost bill and attack it on its merits, but he could not do both. The question is not one of jurisdiction, but one of practice merely. (*Beilby vs. Superior Court,* 138 Cal. 51, 70 Pac. 1024.) If the cost bill had been filed after the time allowed by the statute, and not within an extension allowed by the court, the case might be different. In this case counsel for appellant not only recognized the cost bill before judgment, but they did so afterwards and contested it on its merits. In doing this they recognized it as a cost bill on file in the case at a time when it was proper to be on file. Had they succeeded in convincing the court that there was merit in their contention respecting the costs to which they objected, it is likely we never should have heard of the matter further. Can they be permitted to contest a matter in court and, when defeated, urge

that there was, in fact, nothing in court to contest. Quite true, if the matter had been outside of the power of the court this might be done, but, when such is not the case, it would be a travesty of both courts and law to permit a party to urge that as an error which in no way affected his legal or substantial rights. The matter here is, in its essential features, like an objection to the jurisdiction over the person or to a defect in any process or pleading. Would any one seriously contend that, whatever objection there might be in that regard, if he appeared and contested upon the merits, that he, after judgment, would be heard to object to either the time when any pleading or process was filed, or to any defect in its form? The courts, not only frequently, but uniformly, have held that such an objection, when made after a hearing on the merits, is of no avail. A party cannot contest upon the merits and have the advantage of a technical objection at the same time. (*Burnham v. Lewis* [Kan.], 70 Pac. 337; *Sears v. Starbird* [Cal.], 20 Pac. 547; *Bankers' Life Ins. Co. v. Robbins,* 59 Neb. 170, 80 N. W. 484; *Kane v. Kane* [Wash.], 77 Pac. 842-845; 2 Elliott, Gen. Pr., secs. 474-475.)

In view of the proceedings, concretely considered, as we must consider them on appeal, the appellant has sustained no substantial injury. The judgment is therefore affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.