## HIRSH et al. v. OGDEN FURNITURE & CARPET CO.

### No. 3156.   Decided March 28, 1918.   (172 Pac. 318.)

1. APPEAL AND ERROR—DEFAULT IN FILING COST BILL—DISCRETION OF COURT.   Under Comp. Laws 1907, Section 3351, providing that when costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs; Section 3005, providing that the court may, in furtherance of justice and on such terms as may be proper, relieve a party from a judgment or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and section 3321, providing that the clerk of Supreme Court shall remit to the lower court the papers transmitted on appeal, together with the judgment or decision of the court thereon, within thirty days after the same shall have been made—where appellant, after judgment of reversal was filed in Supreme Court, did not within thirty days have remittitur sent down, and appellees thereafter caused remittitur to be filed in district court without notice to appellant, and appellant did not within thirty days thereafter file its cost bill, decision of district court denying appellant's motion to be relieved of default in failing to file cost bill within time will be affirmed, no abuse of discretion being shown.   (Page 559.)

2. STATUTES—LEGISLATIVE CONSTRUCTION—AMENDMENT.   As Laws 1917, c. 115, amended Comp. Laws 1907, Section 3351, so as to require service of notice in case a remittitur is sent down, the legislative construction was that the old statute did not require notice.   (Page 562.)

3. COSTS—RECOVERY—COMPLIANCE WITH STATUTE.   Costs are a creature of statute, and a party who is entitled thereto must comply with the conditions imposed by the statute.   (Page 562.)

4. COSTS—STRIKING COST BILL—WAIVER OF RIGHT.   Plaintiff's counsel, who appeared specially, would not, by moving to strike defendant's cost bill and at the same time reserving the right to assail its correctness, waive the right to strike the bill.   (Page 564.)

Appeal from District Court of Weber County, Second District; *Hon. A. E. Pratt,* Judge.

Action by Ralph Hirsh and another against the Ogden Furniture & Carpet Company.

Judgment granting plaintiff's motion to strike defendant's cost bill.   Defendant appeals.

AFFIRMED.

R. S. Farnsworth for appellant.

C. R. Hollingsworth for respondents.

FRICK, C. J.

The plaintiffs commenced an action in September, 1915, against the defendant, hereinafter called appellant, in the district court of Weber county, and recovered a judgment in that action against the appellant.   The appellant appealed the case, and this court reversed the judgment and awarded costs to the appellant.   *Hirsh et al.* v. *Ogden Furniture & Carpet Co.*, 48 Utah, 434, 160 Pac. 283.   The judgment of reversal was filed in this court September 28, 1916.   Oo October 31, 1916, more than 30 days after the judgment had been reversed and filed, and the appellant having failed to have the remittitur from this court sent down to the district court, plaintiff's counsel caused the remittitur to be filed in the district court, and it was there filed on that date.   Neither appellant nor its counsel was served with notice nor had any knowledge of the filing of the remittitur until December 22, 1916, on which day appellant's counsel filed in the district court its cost bill covering the costs awarded by this court to appellant. On December 27, 1916, plaintiffs' counsel appeared specially for that purpose in the district court, and filed a motion to strike the cost bill filed by appellant from the files of the district court upon the ground that the same was not filed within the time required by our statute.   The statute (Comp. Laws 1907, section 3351) relied on by plaintiffs, and which was in force when the cost bill in question was filed and the motion to strike was decided, reads as follows:

"Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after

the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs verified as prescribed by the preceding section, and thereafter he may have an execution therefor as upon a judgment. The costs to be awarded to a party as provided in this and the preceding sections shall include the reasonable cost of printing transcripts and briefs, and the cost of transcribing the stenographer's notes or minutes of the trial or hearing.''

Plaintiffs' counsel, in his motion to strike, also reserved the right, in case the motion to strike should be denied, to move for a retaxation of the costs. He also appeared specially for that purpose.

On January 6, 1917, appellant's counsel appeared and served a notice on Plaintiffs' counsel that on the 8th day of January, the date fixed by the court, he would apply to the district court to be relieved of his default in failing to serve and file his cost bill within the thirty days required by the foregoing statute upon the grounds of ''mistake, inadvertence, surprise, and excusable neglect.'' The motion was supported by affidavits, and the court also heard oral evidence in support of the motion, and likewise received affidavits and heard oral evidence in opposition to appellant's motion to be relieved, as appellant's counsel states it, ''from the default in failing to file its cost bill within thirty days after the filing of the remittitur from the Supreme Court.'' After a full hearing of the evidence produced and the contentions of both sides, the district court found in favor of plaintiffs, granted their motion to strike appellant's cost bill, and entered judgment accordingly, from which judgment this appeal is prosecuted.

The principal errors that are assigned relate to the court's findings and conclusions of law and judgment. Appellant's counsel, with much vigor, contends that the court erred in not granting the relief asked by it in its motion to be relieved as before stated. Much evidence was presented by appellant in support of the motion and much more was adduced by plaintiffs in opposition thereto. The view that we take of this controversy makes it unnecessary for us to state the evidence even in condensed form. Counsel for appellant contends that

the relief prayed for should have been granted under Comp. Laws 1907, section 3005, which, so far as material here, reads:

"The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding   *   *   *;   and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Counsel contends that the filing of the remittitur by plaintiff's counsel on October 31, 1916, as before stated, was a proceeding taken against appellant, and, in view that it was filed without notice to it or its counsel, the foregoing provisions apply. If it be conceded that the provision quoted from the statute apply to a case of this kind, yet in view of the evidence, and for the reasons hereinafter appearing, there is nothing upon which the discretion of the district court could have been based. It must not be overlooked that plaintiffs' counsel, in causing the remittitur from this court to be filed in the district court, did precisely what the statute authorized him to do. Comp. Laws 1907, section 3321, reads:

"The clerk of the Supreme Court shall remit to the lower court the papers transmitted to the Supreme Court on the appeal, together with the judgment or decision of the Supreme Court thereon, within thirty days after the same shall have been made, unless the Supreme Court, on application of either of the parties, shall direct them to be retained for the purpose of enabling such parties to move for a rehearing."

No application for a rehearing by either party was filed after the case was decided by this court. While the judgment in favor of plaintiffs in the principal case was reversed by this court, yet such reversal, in the main, was based upon the fact that appellant had properly tendered the amount of plaintiffs' claim before the action was commenced, and had thereafter kept that tender good, and for that reason the action was prematurely brought. By making tender, however, appellant had admitted the justice and correctness of plaintiffs' claim, and, moreover, had relieved itself from the payment of inter-

est on the amount and the costs of suit. In view, therefore, that appellant had succeeded in its claim of tender, it was in no haste to have the remittitur go down. Upon the other hand, in view of the decision of this court, the plaintiffs had but one alternative, which was to receive the amount tendered and close up the matter. It is readily understood, therefore, why plaintiffs' counsel, acting on behalf of his clients, desired that the remittitur from this court should go down as soon as possible, so that he might take down the tender and remit the money to his clients, who were residents of the city of Philadelphia. The record also shows that, immediately after plaintiff's counsel had gotten the money tendered, he filed a dismissal of the case, as he had a right to do. True, the district court refused to enter judgment of dismissal, but why the court refused to do so we do not understand. That fact, however, we do not consider as material, and hence will not refer to it again.

As we read the statute, plaintiffs' counsel had a perfect legal right to have the remittitur go down and to file the same in the district court just as was done. Nor is there anything in the statute which required him to serve notice on appellant or its counsel that the remittitur had been sent down and filed in the district court. That such was the case is, we think, made clear from the fact that since this motion was determined in the district court the Legislature has amended section 3351, supra (chapter 115, Laws Utah 1917, section 388), by requiring service of notice on the adverse party in case a remittitur is sent down as was done in this case, and that the time within which the cost bill must be served and filed dates from the service of such notice. If service of notice had thus been required under the statute as it stood, it would have been a useless ceremony to have amended it. Clearly the legislative construction was that the old statute did not require notice, and therefore they amended it so that service of notice was required.

Apart, however, from the statute, we think all the authorities are to the effect that costs are a creature of statute, and that a party who is entitled thereto, in order to

recover them from his adversary, must comply with the conditions imposed by the statute relating to costs.

In the case of *Candler* v. *Washoe Lake, etc., Co.,* 28 Nev. 422, 82 Pac. 458, the decision of the court is correctly reflected in the first headnote, which reads:

"An appellant, to whom costs have been awarded on appeal, must comply with the statute and rules of the court governing the taxation of costs, in order to make the decision effectual."

"Costs are only recoverable by force of the statute, and the allowance of them, in any case, will depend on the terms of the statute." *Apperson* v. *Mutual,* etc., Co., 38 N. J. Law, p. 390.

In *D. M. Osborne & Co.* v. *Paulson,* 37 Minn. 46, 33 N. W. 12, it is held that if a party who is entitled to costs fails to claim them as provided by the rules of the Supreme Court, which rules are the source of the right to recover costs in Minnesota, he forfeits his right to recover costs.

In 7 R. C. L. section 31, p. 803, the law respecting the right to recover costs in appellate courts is stated thus:

"The practice of awarding and taxing, the time within which cost bills must be filed, and the items allowable, are all matters of statutory regulation, amplified by rules of court."

In 11 Cyc. 204, it is said:

"The right to costs on appeal or writ of error are dependent solely on statute. In the absence of special statutory authorization, such costs cannot be allowed."

In *Murray* v. *Whittaker,* 17 Ill. 230, and in *Campbell* v. *Weakley,* 7 B. Mon. (46 Ky.) 22, it is held that the adverse party is not entitled to notice of the sending down of the mandate (remittitur) from the appellate court, and that either party has the right to file the mandate in the lower court without notice to his adversary.

Counsel for appellant has cited a number of cases which he claims favor his contention, among which are the following: *Smith* v. *Alford,* 31 Utah, 346, 88 Pac. 16; *Douglas* v. *Badger State Mine,* 41 Wash. 266, 83 Pac. 178, 4 L. R. A. (N. S.) 196; *McDonald* v. *Burke,* 3 Idaho (Hasb.) 493, 28 Pac. 440, 35 Am. St. Rep. 289; *Burnham* v. *Hays,* 3 Cal. 115, 58 Am. Dec. 389;

*Remsberg* v. *Hackney Mfg. Co.*, 174 Cal. 792, 164 Pac. 792;
*Olcese* v. *Justice's Court*, 156 Cal. 82, 103 Pac. 317; *Radovich*
v. *French*, 36 Neb. 341, 135 Pac. 920, 136 Pac. 704, 48 L. R. A.
(N. S.) 542, Ann. Cas. 1915C, 1119; *Botsford* v. *Van Riper*,
32 Nev. 214, 106 Pac. 440; *Haviland* v. *Southern California,
etc., Co.*, 172 Cal. 601, 158 Pac. 328.

We have carefully considered the decisions in the foregoing
cases, as well as all others cited by counsel, and we are con-
strained to say that none is in point or can be given effect
upon the controlling question in the case at bar. Some of
the decisions referred to refer to the setting aside of defaults,
others refer to the question of what constitutes a proceeding,
while still others refer to when a party by appearing in a
case or proceeding waives the right to object to certain pro-
ceedings or confers jurisdiction over his person in the court.

The only question involved in this proceeding to which any
of the foregoing cases can be said to even remotely refer is the
question of whether plaintiffs' counsel, by moving to strike the
cost bill in question and at the same time reserving the
right to assail the correctness of the bill, had waived
his right to strike the bill. As we pointed out before,
counsel appeared specially for the purpose of striking the
cost bill, and also for the purpose of retaxing or strik-
ing certain items of costs contained in the bill. Coun-
sel, therefore, by no act of his, waived the right to move to
strike the cost bill because not filed within the time required
by the statute. For the reasons just stated, the case of *Smith*
v. *Alford*, supra, is not in point. In that case a cost bill had
been prematurely filed by the prevailing party. The adverse
party, at a time when the cost bill could have been properly
filed, appeared generally and moved to retax the costs included
in the bill. It was accordingly held by this court that having
assailed the cost bill on the merits, at a time when it could have
been properly filed, the adverse party recognized the bill as
properly filed, and waived the right to assail it on the ground
that it was prematurely filed. No such question is involved
here.

In view, therefore, that the appellant has wholly failed to

comply with the conditions imposed by section 3351, supra, respecting the filing of its cost bill, and nothing being made to appear that the district court in any particular has abused its discretion in refusing to relieve the appellant from complying with the statute, if, indeed, the court had the power under section 3005 to do that—a question not decided—we have no alternative save to affirm the judgment of the district court.

We desire to add in conclusion, however, that in view that section 3351 has been amended as before stated, and for that reason the question here involved cannot arise again, we have stated no more of the facts or proceedings of this case than was absolutely necessary to decide the question presented.

The judgment is therefore affirmed, plaintiffs to recover costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.