## PACIFIC BOND & MORTGAGE CO. v.
## BEAVER COUNTY et al.

No. 6100.   Decided April 19, 1939.   (89 P. 2d 476)

*Cline, Wilson & Cline,* of Milford, for appellants.

*Theodore Bohn* and *George C. Miller,* both of Beaver, for respondent.

MOFFAT, Chief Justice.

This appeal is upon the judgment roll and presents but one question based upon one of the conclusions of law made by the trial court, wherein it was concluded that because plaintiff failed to offer proof of tender to Ambrose Bradshaw, the amount he had paid Beaver County upon a tax sale purchase, it was not entitled to any costs against defendants, Ambrose and Marie Bradshaw.

The record discloses that the plaintiff commenced an action for the purpose of quieting title to certain described real estate. In a short form complaint plaintiff alleged title in itself. Beaver County and Ambrose Bradshaw were required to set forth the nature of their claims if any they had. Plaintiff alleged that tender of the taxes, penalties, interest and costs to Beaver County had been made before the commencement of the action and the County's refusal to accept.

Appellant indicates that Beaver County did not claim a superior title to that of plaintiff, but claimed only a lien for taxes, interest, penalties, and costs and that plaintiff claimed and claims no costs as against Beaver County.

The sole question raised and to be decided by this court is, was the trial court in error when it concluded "that the plaintiff is not entitled to costs against the defendant Bradshaw" and entered the judgment pursuant thereto.

The Bradshaws alleged title in themselves as a result of the contract of purchase from Beaver County and contested plaintiff's title. We are of the opinion that plaintiff was entitled to the costs incurred as between plaintiff and the Bradshaws.

Tender of the amount due for taxes, penalties, interest and costs was made in the event of establishment of the invalidity of the title claimed under the tax sale. Tender was not necessary to entitle plaintiff to recover costs if he prevailed in his action. If the County's tax title failed, the title of the purchaser from the County in so far as based upon the tax

title likewise failed. The plaintiff was the prevailing party in this action to quiet title.

The right to tax and recover costs in an action or proceeding is purely statutory. 15 C. J. 21; 14 Am. Jur. 5; *Smith* v. *Alford,* 31 Utah 346, 88 P. 16, 18. In that case, the Supreme Court stated that "Costs are a creature of the statute merely, and the Legislature * * * alone has the power to grant them * * *."

Section 104-44-2, Revised Statutes of Utah 1933, provides, inter alia:

"104-44-2. *As of Course—To Prevailing Party.* Costs are allowed of course to the prevailing party in the following cases:

"(1) In an action for the recovery of real property.

* * * *

"(5) In an action which involves the title or possession of real estate, or the legality of any tax, impost, assessment, toll or municipal fine."

It might be contended that because the district courts have original jurisdiction in all cases at law and in equity, and because one of the rules of equity is that the chancellor would dispose of costs according to his discretion, the provisions of the statute above cited are nugatory. We do not think so. It would make no difference were this an action at law or an action in equity. The regulation by the legislature of costs is not such a jurisdictional question as to interfere with the full exercise of the equity jurisdiction of the district courts. The legislature of Utah could regulate the questions of costs in causes of equity as well as at law. *Dudley* v. *Facer et al.,* 8 Utah 403, 32 P. 668; *Hepworth et al.* v. *Gardner et al.,* 4 Utah 439, 11 P. 566; *Houghton et al.* v. *Barton,* 49 Utah 611, 165 P. 471. In an action to quiet title, this court ruled that appellant (prevailing party) was entitled to costs under Section 3339, Revised Statutes of Utah 1898, now Section 104-44-2, R. S. U. 1933. *Swenson* v. *Snell,* 22 Utah 191, 61 P. 555. In the case of *Houghton et al.* v. *Barton,* supra, an action involv-

ing the quieting of title, the right of the prevailing party to recover costs was recognized. But the prevailing party was not allowed to recover because he did not comply with the statutory requirements so as to entitle him to have costs taxed.

Section 104-44-11, Revised Statutes of Utah 1933, relating to tender relieving a party from costs, refers to an action "for the recovery of money only," and this is an action to quiet title. Therefore, under the statutes no tender is necessary. See *Burton* v. *Hoover et al.*, 93 Utah 498, 74 P. 2d 652.

Section 104-44-4, Revised Statutes of Utah 1933, vests the court with discretion in allowing costs in an action other than those in Section 104-44-2, above quoted, but this case falls within the provisions of Section 104-44-2. In an action to quiet title, *Utah Lead Co.* v. *Piute County*, 92 Utah 1, 65 P. 2d 1190, the plaintiff was the prevailing party only in part and the court apportioned the costs.

Bradshaw set up title in himself and therefore could not claim the benefits of one disclaiming, pursuant to Section 104-57-2, Revised Statutes of Utah 1933.

The judgment of the trial court in disallowing costs against the defendants, Ambrose and Marie Bradshaw, is reversed and the case is remanded for such proceedings as may be proper in the premises. Appellant allowed to recover costs in this court.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.