■ HEMPSTEAD BANK, Appellant, v. EVELYN C. RYAN et al., Respondents, et al., Defendants.— In an action in which a judgment foreclosing a real property mortgage was entered and a sale held pursuant thereto, plaintiff appeals from an order-judgment of the Supreme Court, Nassau County, entered October 25, 1972, which, after a hearing, denied its motion for leave to enter a deficiency judgment against defendants Ryan under section 1371 of the Real Property Actions and Proceedings Law and awarded a total of $5,279 in costs to said defendants against plaintiff. Order-judgment modified, on the law, by (1) striking from the second decretal paragraph thereof the following: " b) CPLR Section 8301(b), 8301(d): 1. expert witness 1,350.00 2. transcript 609.00 " and " d) CPLR Section 8303(a)(2) 3,000.00 " and (2) reducing the total amount of the award of costs therein to defendants Ryan to $320. As so modified, order-judgment affirmed, without costs. It has long been the practice not to allow taxation as a "necessary disbursement" (see CPLR 8301, subd. [a]) amounts paid to witnesses who testify upon a trial as experts in excess of the statutorily authorized amounts which presently are, under CPLR 8001, (subd. [a]), $2 for each day's attendance and 8 cents per mile as travel expenses when the travel was not wholly within a city (*Mark* v. *City of Buffalo*, 87 N. Y. 184, 189; *People ex rel. Envoy Apts.* v. *Miller*, 165 Misc. 943, 945, affd. 255 App. Div. 972; *Kiev* v. *Seligman & Latz of Binghamton*, 47 Misc 2d 364). It has also been the rule that an expenditure to procure a transcript of trial minutes in order to aid counsel in his preparation of a brief for presentation to the trial court is not a taxable disbursement (*Schurre* v. *Borden*, 242 App. Div. 802 [Appeal No. 2]; *Long Is. Contr. & Supply Co.* v. *City of New York*, 142 App. Div. 1). Respondents' reliance on subdivision

(b) of CPLR 8301 is unavailing. That provision permits taxation of expenses incurred in the course of a motion, " as disbursements " if they were " reasonable and necessary." However, in the absence of clear language to the contrary in that subdivision, it should not be read as authority for taxation of a disbursement which would not be allowable upon taxation at the end of a case under subdivision (a) of CPLR 8301. Accordingly, taxation of the items of expense for " expert witness " and " transcript " should not have been allowed. As to the taxation of an " additional allowance " under CPLR 8303, that section provides in part as follows: "(a) Discretionary allowance in action. Whether or not costs have been awarded, the court before which the trial was had, or in which the judgment was entered, on motion, may award: 1. to any party to an action to foreclose a mortgage upon real property, a sum not exceeding two and one-half per cent of the sum due or claimed to be due upon such mortgage, and not exceeding the sum of three hundred dollars; or 2. to any party to a difficult or extraordinary case, where a defense has been interposed, a sum not exceeding five per cent of the sum recovered or claimed, or of the value of the subject matter involved, and not exceeding the sum of three thousand dollars ". The trial court awarded costs under both paragraphs 1 and 2. In our opinion, this was error. The use of the disjunctive form in the statute merely indicates that the availability of an allowance under paragraph 1 does not preclude a party from seeking a greater allowance under paragraph 2 if the action is difficult or extraordinary. However, the language of the statute does not authorize awards under both subdivisions in one action (*Delisio* v. *Clyde Milling Corp.*, 24 A D 2d 823). Moreover, there is nothing in the record to demonstrate that this was either " a difficult or extraordinary case " as contemplated by paragraph 2. The hearing on the motion for a deficiency judgment took only a few days and the only issue involved, i.e., the market value of the property as of a certain date, revolved around the testimony of one expert witness for each side. Under these circumstances, the allowance under paragraph 2 constituted an abuse of discretion. Munder, Acting P. J., Latham, Shapiro and Benjamin, JJ., concur; Christ, J., not voting.