Earl J. FRAMPTON and Carol B. Frampton, as heirs of Mark Earl Frampton, Deceased, Plaintiffs and Respondents,

v.

Barry E. WILSON, Defendant and Appellant.

Valden C. ANDERSON and Berna Deane Anderson, as heirs of Howard Gean Anderson, Deceased, Plaintiffs and Respondents,

v.

Barry E. WILSON, Defendant and Appellant.

No. 16255.

Supreme Court of Utah.

Jan. 10, 1980.

Ray H. Ivie, of Ivie & Young, Provo, for defendant and appellant.

Richard W. Giauque and Ross C. Anderson, of Berman & Giauque, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Chief Justice:

Plaintiffs Earl J. Frampton and his wife Carol B. Frampton, Valden C. Anderson and his wife Berna Deane Anderson brought wrongful death actions against the defendant Barry E. Wilson [1] after their sons Mark Earl Frampton and Howard Gean Anderson died as a result of injuries suffered in an automobile accident in which they were passengers in a truck driven by the defendant.

The jury returned a special verdict in which they awarded $20,000 general damages and $845.67 special damages to the Framptons and $20,000 general damages and $899.96 special damages to the Andersons. The trial court entered judgment for those amounts and also awarded the plaintiffs $3,171.60 as costs. The defendant moved to retax the costs; however, the trial court found that "the expenses incurred and fees expended were necessary to present Plaintiffs' case" and the motion was denied.

The defendant appeals, contending that the award of costs in excess of those expressly allowed by statute are improper. Those contended to be excessive relate to:

(1) Actual expense incurred in serving a subpoena.

(2) Witness fee paid five witnesses which exceeded those provided by statute.

(3) Miscellaneous expenses of $395 for a contour model, photographs, and certified copies of documents.

The background facts are briefly thus: About 7:30 p. m. on May 27, 1977, the defendant, age 19, and his friends Mark Earl Frampton, age 18, and Howard Gean Anderson, age 20, bought a case of beer and left Salina, Utah, in a truck driven by the defendant. They proceeded up Soldier Canyon, drinking the beer on the way. About

---

1. The two actions were consolidated by stipulation.

four hours later, after they had consumed all of the beer, in driving back down the canyon, the defendant lost control of the truck on a sharp curve and it left the road. In the resulting crash, the three young men were thrown from the truck. Howard Gean Anderson was killed instantly, and Mark Earl Frampton died three days later.

For the purpose of treating the issue raised herein, we accept the above recited finding that the expenses incurred were necessary to present plaintiffs' case. Plaintiffs assert that they attempted to obtain a transcript of a taped conversation between the defendant and an investigator for State Farm Insurance Co.; that they had relied upon representations that it would be voluntarily produced; but this did not materialize for reasons which can be spared here, wherefore it was necessary to expend $47.50 in subpoena fees. In explanation, plaintiffs' counsel stated:

> The absence of an opportunity to arrange for timely service for $3.00 by a process server in Utah County was caused by the actions of defendant's counsel. As became clear after the court ordered production of the transcript, the statements recorded therein were directly in conflict with other statements made by defendant and were important for the presentation of plaintiffs' case.

They make similar acceptable explanations as to the necessity for the extra payment to witnesses and of the other expenses incurred. The other fees exceeding those allowed by statute were for specialists and expert witnesses. Dr. Brian Finkle testified with regard to blood tests performed on the defendant and the effects of alcohol on a person's ability to drive. He traveled 180 miles, spent two days in court, and was paid $804.30. Frank Grant, a retired captain of the Utah Highway Patrol, reconstructed the circumstances of the accident and estimated the speed and the manner in which the truck left the road. He traveled 180 miles, spent two days in court, and was

paid $577.80. The investigating officers, highway patrolmen Bud Larson and John Meacham, gave similar testimony as to the physical circumstances and estimated speed. Officer Larson, two days in court, was paid $156.30; Officer Meacham, one day in court, was paid $75.30. Mr. Frank Stuart, traveled 180 miles, spent one day in court, and was paid $550.00.

■ Our basic statutory provision regarding costs, Rule 54(d)(1), U.R.C.P., states:

> Except when express provision therefor is made either in a statute of this state or in these Rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs . . . .

Costs were not recoverable at common law; and are therefore generally allowable only in the amounts and in the manner provided by statute.[2]

Our statutes applicable to this controversy are Section 21–2–4(5) and (13), U.C.A., 1953, which provides that the sheriff shall receive a fee of $2.00 for serving a subpoena and $.30 for each mile necessarily traveled, in going only. Section 21–5–4 states:

> Every witness legally required or in good faith requested to attend a city or district court or a grand jury is entitled to $14 per day for each day in attendance and 30 cents for each mile actually and necessarily traveled in going only; . . . .

Section 21–5–8 further provides that:

> The fees and compensation of witnesses in all civil causes must be paid by the party who causes such witnesses to attend . . . . The fees of witnesses paid in civil causes may be taxed as costs against the losing party.

■ Subject to the limitation expressed above, this Court has taken the position that the trial court can exercise reasonable discretion in regard to the allowance of

2. *Smith v. Alford,* 31 Utah 346, 88 P. 16 (1906); *Hirsh v. Ogden Furniture & Carpet Co.,* 51 Utah 558, 172 P. 318 (1918); *Pacific Bond & Mortgage Co. v. Beaver County,* 97 Utah 62, 89 P.2d 476 (1939); *Wagner v. Anderson,* 122 Utah 403, 250 P.2d 577 (1952); *Walker Bank & Trust Co. v. New York Terminal Warehouse Co.,* 10 Utah 2d 210, 350 P.2d 626 (1960).

costs;[3] and that it has a duty to guard against any excesses or abuses in the taxing thereof.[4]

In the light of what has been said above, we revert to the inquiry: whether the expenses incurred by the plaintiffs are properly taxable as costs. Rule 54(d)(1), upon which they rely, speaks of "costs," but does not further define that term. The generally accepted rule is that it means those fees which are required to be paid to the court and to witnesses, and for which the statutes authorize to be included in the judgment.[5]

There is a distinction to be understood between the legitimate and taxable "costs" and other "expenses," of litigation which may be ever so necessary, but are not properly taxable as costs.[6] Consistent with that distinction, the courts hold that expert witnesses cannot be awarded extra compensation unless the statute expressly so provides.[7]

The same principle applies to the extra expense incurred in serving the subpoena on the insurance company and to the miscellaneous expenses of $395 for the contour model, the photographs and the certified copies of documents. We take occasion to observe that the basis of the trial court's allowance of these extra expenses as costs appears to be that this Court has previously allowed the expenses of depositions to be taxed as costs where they were deemed necessary to the preparation and presentation of a case. Whether the expense of depositions are taxable as costs, though not expressly provided by statute, has been a matter of some controversy in this jurisdiction.[8] On the basis of the reasoning and authority of the cited cases, a majority of this Court has approved the taxing as costs the taking of depositions, but subject to the limitation that the trial court is persuaded that they were taken in good faith and, in the light of the circumstances, appeared to be essential for the development and presentation of the case.

However, the fact that this Court has, under such circumstances, approved the taxing of depositions, which relate to the examination of witnesses whose testimony is deemed essential to the trial, and taken for potential use as testimony in the trial, was not intended and should not be taken as opening the door to other expenses of the character here claimed by the plaintiff as costs.

Consistent with what has been said herein, it is necessary that the judgment for costs which are in excess of the amounts provided by statute, and the claimed miscellaneous expenses, be vacated, and that the award be reduced to $843.60 as contended by the defendant. No costs awarded on appeal.

MAUGHAN, HALL and STEWART, JJ., and F. HENRI HENRIOD, Retired Justice, concur.

WILKINS, J., having disqualified himself, does not participate herein.

---

3. *Bacon v. Harris,* 71 Utah 223, 263 P. 931, 933 (1928).

4. *Burtenshaw v. Bountiful Irr. Co.,* 90 Utah 196, 61 P.2d 312 (1936).

5. *Terry v. Burger,* 6 Ohio App.2d 53, 216 N.E.2d 383 (1966); *Rabinowitch v. California Western Gas Co.,* 257 C.A.2d 150, 65 Cal.Rptr. 1 (1967). See also *Hamman v. Witherstine,* 20 Ohio Misc. 77, 252 N.E.2d 196 (1969); *State v. Holder,* 260 Ind. 336, 295 N.E.2d 799 (1973).

6. *Hamman v. Witherstine,* supra, note 5.

7. 20 Am.Jur.2d, Costs, section 65; *Sloan v. Owen,* Okl., 579 P.2d 812 (1978); *State v. Wilson,* 115 N.H. 99, 333 A.2d 459 (1959); *In re Kling,* 433 Pa. 118, 249 A.2d 552 (1969); *Kohlmeyer & Co. v. Sobert,* La.App., 273 So.2d 884 (1973); *Hempstead Bank v. Ryan,* 42 A.D.2d 779, 346 N.Y.S.2d 541 (1973); *Calhoun v. Hammond,* Ind.App., 345 N.E.2d 859 (1976).

8. E. g., *Lawson Supply Co. v. General Plumbing & Heating, Inc.,* 27 Utah 2d 84, 493 P.2d 607 (1972); *First Security Bank v. Wright,* Utah, 521 P.2d 563 (1974).