2000 UT 91

**Tamilyn YOUNG, Plaintiff and Appellant,**

v.

**STATE of Utah and University of Utah Health Science Center, Defendants and Appellees.**

No. 990299.

Supreme Court of Utah.

Nov. 28, 2000.

Jackson Howard, Helen H. Anderson, Provo, for plaintiff.

David G. Williams, Terence L. Rooney, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Plaintiff appeals from a final judgment of the trial court ordering her to pay defendant hospital's costs following plaintiff's unsuccessful action against the hospital for medical malpractice. We reverse and remand.

## BACKGROUND

¶ 2 On August 31, 1994, plaintiff entered the University of Utah hospital to have labor

induced. Plaintiff's labor did not progress adequately, and a cesarean section was performed. Plaintiff delivered a healthy baby but experienced complications after delivery that resulted in a hysterectomy. Plaintiff subsequently brought an action against the hospital for medical malpractice.

¶ 3 Pursuant to stipulation, the matter was tried to the court without a jury. The court ruled against plaintiff and in favor of the hospital. The hospital filed a memorandum of costs and a cost affidavit, seeking reimbursement for costs and expenses associated with defending plaintiff's action. The trial court entered a judgment for costs in favor of the hospital.[1] Plaintiff appeals.

## STANDARD OF REVIEW

■ ¶ 4 This court has consistently held that a trial court's decision to award the prevailing party its costs will be reviewed under an abuse of discretion [2] standard. *See, e.g., Pennington v. Allstate Ins. Co.,* 973 P.2d 932, 939 (Utah 1998) ("we will affirm a trial court's award of costs unless the trial court abused its discretion"); *Bd. of Comm'rs of the Utah State Bar v. Petersen,* 937 P.2d 1263, 1267 (Utah 1997) ("The determination to award taxable costs is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion.") (quoting *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.,* 850 P.2d 447, 460 (Utah 1993)).

1. The trial court awarded the following to the hospital as costs:
   (a) $428.35 for copies of depositions taken by plaintiff of the physicians who attended to plaintiff and who were employees of defendant hospital;
   (b) $425.20 for depositions of plaintiff and her husband;
   (c) $724.25 for depositions of plaintiff's friends and family members;
   (d) $587.25 for the deposition of plaintiff's expert witness;
   (e) $1,000 for the expert witness deposition fee the hospital paid to plaintiff's expert witness; and
   (f) $1,496.83 for trial exhibits prepared by the hospital.

2. "The phrase 'abuse of discretion' has come into common usage in review of judicial proceedings. Although it is seen by appellate courts as an efficient way of describing a more complex concept, it has also come to be seen by many as

## ANALYSIS

### I. DEPOSITION COSTS

¶ 5 The trial court awarded the hospital costs for depositions the hospital took of plaintiff, plaintiff's family and friends, plaintiff's expert witness, and for copies the hospital obtained of depositions plaintiff took of the hospital's own doctors who attended to her. Plaintiff contends that the trial court exceeded the permitted range of discretion in awarding these costs because the hospital did not use the depositions at trial in place of live testimony.

■ ¶ 6 The general rule regarding the recovery of deposition costs is that a party may recover deposition costs as long as the " 'trial court is persuaded that [the depositions] were taken in good faith and, in the light of the circumstances, appeared to be essential for the development and presentation of the case.' " *Highland Constr. Co. v. Union Pac. R.R. Co.,* 683 P.2d 1042, 1051 (Utah 1984) (quoting *Frampton v. Wilson,* 605 P.2d 771, 774 (Utah 1980)). Plaintiff argues that under this rule, the hospital must have used the depositions at trial in order for the depositions to be taxable as costs. We disagree.

■ ¶ 7 To be taxable as costs, depositions need not be used at trial, provided other criteria are met. In applying the general

offensive. The phrase is used here simply to be consistent with prior case law regarding the standard of review to be applied to the trial court's actions. When a trial court abuses its discretion, it has exceeded the range of discretion allowed for the particular act under review. When it does not abuse its discretion, it has stayed within the permitted range of discretion allowed. Use of the phrase 'abuse of discretion' should not be misread to imply a conscious and intentional violation of the permitted discretion by the trial judge. Although such a willful disregard of the standards to be applied by the trial judge happens occasionally, it is certainly not the rule, and our use of 'abuse' of discretion should not be read to imply such wrongful intent. We use 'exceed the permitted range of discretion' and 'abuse of discretion' interchangeably, meaning to describe exactly the same condition." *Rivera v. State Farm Mut. Auto. Ins. Co.,* 2000 UT 36, ¶ 7 n. 2, 1 P.3d 539.

rule in *Board of Commissioners of the Utah State Bar*, we stated,

> This is not to say that the costs of taking a deposition can never be recovered when the deposition is not used at trial. We have stated that "we would allow deposition costs as necessary and reasonable where the development of the case is of such a complex nature that discovery cannot be accomplished through the less expensive method of interrogatories, requests for admissions, and requests for the production of documents."

937 P.2d at 1272–73 (quoting *Highland Constr. Co.*, 683 P.2d at 1051). Thus, deposition costs can be recovered if the trial court determines that the deposition was essential to the case, either because the deposition was used in some meaningful way at trial or because the development of the case was of such a complex nature that the information provided by the deposition could not have been obtained through less expensive means of discovery. The initial requirement, that the deposition be taken in good faith, must also be satisfied before a trial court may award deposition costs.

¶ 8 In this case, the trial court concluded only that the amounts the hospital spent for depositions and for copies of depositions taken by plaintiff were "reasonable and necessary," and therefore allowed the hospital to recover these amounts as costs. A more complete analysis is necessary to determine whether or not these particular costs are recoverable. The deposition costs in this case fall into three categories. We consider each in turn.

### A. Copies of Depositions Taken by Plaintiff of Plaintiff's Doctors

■ ¶ 9 The trial court awarded the hospital $428.35 for copies of the depositions taken by plaintiff of the doctors who treated her. The doctors were employees of the hospital. Defendant argues that the trial court did not exceed the permitted range of discretion in awarding this amount because plaintiff read the doctors' depositions into the record at trial. However, in order to award the prevailing party its expenses associated with depositions, the trial court must determine

that the depositions were essential for the development and presentation of *that* party's case. In other words, the hospital could only recover the amount it spent for copies of the depositions of its own doctors in this case if copies of the depositions were essential to the *hospital's* case. Therefore, the fact that the plaintiff read the depositions of her attending doctors into the record is insignificant to the determination of whether copies of the depositions were essential to defendant's case.

¶ 10 We conclude that copies of the plaintiff's doctors' depositions were not essential to defendant's case and that the trial court exceeded the permitted range of discretion in awarding these expenses as costs. The copies the hospital obtained were of the depositions taken of the hospital's own employees. As the plaintiff points out, there were other methods of acquiring the information contained in the depositions from the doctors. For example, the hospital could have interviewed the doctors prior to trial. Therefore, copies of the doctors' depositions were not essential for the development and presentation of the hospital's case. We reverse the trial court's award of costs for the copies of the depositions of plaintiff's doctors.

### B. Depositions of Plaintiff and Plaintiff's Family and Friends

■ ¶ 11 The trial court awarded the hospital $425.20 for depositions taken by the hospital of plaintiff and her husband, and $724.25 for depositions taken of plaintiff's friends and other family members. The hospital claims that the award of these costs was within the permitted range of the trial court's discretion because the plaintiff's deposition was "used at trial and included in the court record" and "several of the depositions [of her family and friends] were used at trial for impeachment." However, in allowing the hospital to recover these amounts, the trial court failed to state how the depositions were essential to the hospital's case. The trial court must find that the depositions were essential because they were used in a meaningful way at trial, or because the development of the case was of such a complex nature that the information in the depositions

could not be obtained through less expensive means of discovery, before the hospital can recover these amounts as costs. The trial court merely concluded that all of the hospital's costs were "reasonable and necessary" and granted the hospital recovery on that basis.

¶ 12 Because the trial court did not explain the basis for the award, we are unable to determine whether or not the trial court exceeded the permitted range of discretion in awarding the hospital amounts it spent for these depositions as costs. We therefore remand this issue to the trial court with instructions to provide supporting findings as to how these depositions were essential for the development and presentation of the hospital's case, or for revision of the award of costs consistent with the analysis in this opinion.[3]

### C. Deposition of Plaintiff's Expert Witness

■ ¶ 13 The trial court awarded the hospital $587.25 for the deposition of plaintiff's expert witness. The hospital claims that the trial court did not exceed the permitted range of discretion in awarding this amount because the expert witness's deposition was used at trial and was the most critical deposition in terms of the development of the hospital's case. The hospital argues that "but for [the expert witness's] willingness to criticize the care rendered by the Hospital, Plaintiff could not have gotten this case before the trial judge," and that without the ability to depose the expert, the hospital would not have been able to develop its defense against plaintiff's claim. While this may be true, the trial court did not provide any findings indicating that the amount the hospital paid for the deposition was awarded on this basis. As stated above, this court cannot determine whether the trial court exceeded the permitted range of discretion in awarding costs if the court is not provided with findings on

how the deposition was essential to the prevailing party's case. We therefore reverse and remand this issue for further findings and revision as appropriate.

### II. EXPERT WITNESS DEPOSITION FEE

¶ 14 Plaintiff argues that the trial court exceeded the permitted range of discretion by awarding the hospital as a cost the $1,000 fee the hospital was required to pay plaintiff's expert in order to take his deposition. We agree.

¶ 15 In *Frampton v. Wilson*, 605 P.2d 771, 774 (Utah 1980), we held that witness fees, in excess of the statutory allowance, were not legitimate and taxable costs and could not be recovered. In *Frampton*, the plaintiffs paid five expert witnesses amounts over what was allowed by the Utah Code.[4] *See id.* at 772–73. The trial court in *Frampton* included the additional witness fees in its calculation of plaintiff's costs because it found that the additional fees were expenses "necessary to present plaintiffs' case." *Id.* On appeal, we stated that there is a distinction between "legitimate and taxable 'costs' and other 'expenses,' of litigation, which may be ever so necessary, but are not properly taxable as costs." *Id.* at 774 (footnote omitted). We explained that costs are generally fees that are required to be paid to the court and to witnesses. *See id.* We reversed the trial court's award of the witness fees in excess of the statutory allowance because they were not fees required by statute to be paid to the witness, and thus were not legitimate and taxable costs. *See id.*

■ ¶ 16 Applying our holding in *Frampton* to this case, we reverse the award of the $1,000 fee the hospital was required by plaintiff's expert to pay to take his deposition. The hospital argues that the trial court's award of this amount should not be reversed because it was necessary for trial; i.e., the

---

3. There is no claim that the initial requirement, that the depositions be taken in good faith, is not satisfied in this case.

4. The statute applied in *Frampton* has since been updated. Section 21–5–4 currently provides, in pertinent part: "Every juror and witness legally

required or in good faith requested to attend a trial court of record or not of record or a grand jury is entitled to: (a) $18.50 for the first day of attendance and $49 per day for each subsequent day of attendance." Utah Code Ann. § 21–5–4 (1996).

hospital had to pay the fee or it could not have taken the expert's deposition. However, as we stated in *Frampton*, even if necessary, fees paid over the amount allowed by statute are not properly taxable as costs, and are therefore not recoverable.

¶ 17 Under rule 30 of the Utah Rules of Civil Procedure, any party may take the testimony of any person by deposition without leave of court, unless particular circumstances exist, none of which are present here. *See* Utah R.Civ.P. 30(a). If a person is commanded to appear at a deposition to give testimony by a subpoena, then that person is entitled to "the fees for one day's attendance and the mileage allowed by law," unless the subpoena is "issued on behalf of the United States, or this state, or any officer or agency of either." Utah R.Civ.P. 45(b)(1)(A). The one day fee to which a witness is entitled is $18.50, as provided by Utah Code Ann. § 21–5–4.

¶ 18 Although rule 26 provides that "[t]he court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," Utah R.Civ.P. 26(b)(4)(C)(i), this fee cannot be fully recovered by a prevailing party. The maximum amount the prevailing party may recover as costs[5] is the $18.50 allowed by section 21–5–4, despite any additional amount that the prevailing party may have had to pay an expert witness for his/her deposition. As in *Frampton*, regardless of what a prevailing party is required to pay witnesses for their testimony, only the amounts allowed by statute are taxable as "costs." Any amount paid over the statutory allowance is an expense of litigation, rather than a taxable cost, and not recoverable. In this case, because the $1,000 fee the hospital paid plaintiff's expert is an amount in excess of what is provided for by statute, the trial court exceeded the permitted range of discretion in including it as part of defendant's costs.

¶ 19 The maximum amount the trial court could have awarded the hospital in this case was the sum of the fees for one day's attendance, $18.50, and the proper mileage allowance under section 21–5–4. However, this award is dependent on the trial court's determination, with supporting findings, that the expert witness's deposition was essential to the hospital's case. Therefore, the trial court's award of $1,000 is reversed and this issue is remanded for determination of the correct amount, if any.

## III. EXHIBITS

¶ 20 The trial court also awarded the hospital $1,496.83, the amount the hospital spent for trial exhibits. Plaintiff argues that we should reverse this award because the trial court exceeded the permitted range of discretion in allowing the $1,496.83 spent on exhibits to be taxed as costs. We agree.

¶ 21 As discussed above, this court in *Frampton* distinguished between taxable "costs" and other "expenses" of litigation. *See Frampton*, 605 P.2d at 774. We explained that there may be expenses associated with litigation that are necessary, but which nonetheless are not properly taxable as costs. *See id.* In *Frampton*, we held that the miscellaneous expenses for a contour model, photographs, and certified copies of documents were not taxable as costs. *See id.* We noted that this court's allowance of deposition fees as costs was "not intended and should not be taken as opening the door to other expenses of the character here claimed by the plaintiff as costs." *Id.*

¶ 22 In this case, the expenses the hospital incurred in obtaining the exhibits, while possibly necessary, are not recoverable as costs. The trial exhibits at issue here are the type of "other" expenses we specifically stated were not recoverable as costs in *Frampton*. The law does not allow such a recovery, and the trial court exceeded the permitted range of discretion in awarding the hospital $1,496.83 for trial exhibits.

## CONCLUSION

¶ 23 The trial court may award the prevailing party its costs of depositions if it finds that the depositions are taken in good faith, and are essential to the party's development

---

5. Recovery of other expenses of litigation may be possible in other cases under an agreement between the parties, or pursuant to statute. Neither applies here.

and presentation of its own case, either because the depositions were used in a meaningful way at trial, or because the development of the case was of such a complex nature that the information provided in the deposition could not have been obtained through less expensive means of discovery. The standard of review applied to the trial court's award of costs is whether the trial court exceeded the permitted range of discretion. However, the trial court must provide sufficient findings for the appellate court to review in determining whether the award of costs is within the trial court's discretion. Fees paid to witnesses above the statutory allowance, as well as amounts paid for trial exhibits, as a matter of law, are not recoverable "costs" of litigation, but are merely expenses of litigation. Reversed as to the $428.35 for the copies of the depositions of plaintiff's doctors, the $1,000 paid to plaintiff's expert witness, and the $1,496.83 awarded for trial exhibits. Reversed and remanded as to the other deposition costs for redetermination based on the necessary findings in accordance with this opinion.

¶ 24 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.