Ronald G. MITCHELL and Kathleen H. Mitchell, his wife, Plaintiffs and Appellants,

v.

Doyal Evan STEWART and Karen Lee Stewart, his wife, Stewart and Co., Inc., a Utah Corporation, Defendants and Respondents.

No. 15285.

Supreme Court of Utah.

June 7, 1978.

McCune & McCune, George M. McCune, Provo, for plaintiffs and appellants.

Dallas H. Young, Jr., Provo, for defendants and respondents.

ELLETT, Chief Justice:

Plaintiffs Ronald and Kathleen Mitchell sued for damages allegedly suffered as a result of defects in construction of a home in Orem, Utah, which was built and sold to them by the defendants Doyal and Karen Stewart and Stewart & Co., Inc.

On March 8, 1974, the plaintiffs purchased the home for $35,700. After living in it for 2½ years, in August of 1976, they sold it to one Robert Boisen for $47,500. They then brought this suit alleging that, after they had moved in, they discovered various faults in the home. These included defects in the roof, in the surfacing of the driveway, a settling of the porch and sidewalk, and improperly-placed kitchen cabinets. Upon consideration of the plaintiffs' evidence the trial court rejected plaintiffs' claims and granted defendants' motion to dismiss. Plaintiffs appeal. (Defendants filed a counterclaim, which was dismissed at trial, but no appeal is taken therefrom.)

After the plaintiffs presented their case, the defendants moved to dismiss on the grounds that the plaintiffs no longer owned the house. The correctness of plaintiffs' argument that this motion was not well taken is obvious. If they suffered

compensable damage, it would make no difference whether or not they still owned the house.

■ The plaintiffs urge that the trial court improperly admitted, over their objections, evidence that the plaintiffs sold the home for $47,500, about $12,000 more than they had paid for it.

It is important to take note of the precise manner of that attack as stated in plaintiffs' brief:

The trial court committed reversible error by considering evidence regarding plaintiffs' subsequent sale of the home.

. . .

There is no doubt that if the plaintiffs had proved a cause of action which would justify recovery of the damages for defects in the home they would be entitled to recover therefor; and this would be true whether they kept the house themselves or sold it to someone else, and quite irrespective of the price they obtained for it. The fact that the plaintiffs were able to sell it for more than their purchase price should not redound to the benefit of the defendants nor relieve them from liability for any negligence or breach of contract. Compare this example: Suppose a sale of a new automobile with five new tires and that it had been delivered without the spare tire. Surely the purchaser could recover the value of the spare which he did not receive; and this would be true regardless of whether he kept the car or was able to sell it for a higher price even without the spare. That fact should not redound to the benefit of the seller who failed to furnish the spare tire. The same reasoning would apply to any other deficiency or defect in the automobile.

It is a fact known to all that inflation has caused the value of houses to be greatly increased over the past ten years or more.

In the conclusions of the law the court stated:

The proper measure of damages to the plaintiffs had plaintiffs suffered any damage would have been the difference between the value of the residence purchased by them with and without the claimed defects or if the plaintiffs retained ownership of the property, the cost of remedying the defects.

The defendants' motion to dismiss at the conclusion of the plaintiffs' case should have been granted.

In his findings of the fact the court stated:

There is no evidence in the record that the sales price would have been greater had the defects which plaintiffs claimed to have been present, not existed. *The record is devoid of any evidence from which the court could conclude that the market value of the lot and residence or that the sales price would have been greater without · the claimed defects.* [Emphasis added.]

The exhibits received at the hearing are not before us and we cannot say what expenses the plaintiffs incurred in making repairs made necessary by faulty construction. There is testimony that it cost approximately $120.00 to repair the roof when singles were blown off. Other faults in construction established by the evidence were:

1. Roof lines and walls not built in a straight pattern.
2. Insulation not 6 inches as represented.
3. "Bee holes" in the mortar of the building.
4. Roof leaked water around pipes and water came into house.
5. Ground settled in front so that front porch became separated from the house.
6. The sidewalk sank.
7. The cement in the driveway cracked, peeled and chipped.
8. The ceiling in one bathroom leaked because the pipes were not sweated together properly.
9. The overhanging floor joists were not properly attached.
10. The windows had cracks between them and the walls.

11. The dishwasher would not operate without interfering with the cupboard drawers.

The correct measure of damage would be the difference in value between the house in good condition as represented less the value it had in the defective condition, unless the defects could be repaired at a lower cost and the house placed in the condition it was represented to be in.

The court made and entered into the files a "Decision" wherein he said:

> This matter was tried to the Court commencing on the 24th day of February, 1977, the same having been consolidated with Civil No. 43147, *Barney vs. Stewart,* and the Court, after having reviewed the evidence submitted by plaintiffs in their case in chief, and having pro forma denied defendants' Motion to Dismiss, upon reconsideration of such motion, now grants same for the reason that plaintiffs have failed to prove that they suffered any damage as a result of the alleged defective construction, and because they, without repairing same, sold the property prior to the time of trial and failed to establish that they received less from the sale than they would have received had the defendants constructed the home in a manner acceptable to them and without the conditions they complain of herein. Also, plaintiffs did not advise the purchaser of the alleged defects they complain of in this action.

Clearly the court was of the opinion that since the house sold for more than it cost and that no showing was made that it would have sold for more had there been no defects, that therefore no damages were sustained.

The judgment is reversed and a new trial is ordered. Costs are awarded to the plaintiffs.

MAUGHAN and HALL, JJ., concur.

CROCKETT, Justice (dissenting).

The main opinion correctly indicates that the fact that the plaintiffs sold the home for more money than they paid for it would not relieve the defendants from liability for any damage which may have resulted to the plaintiffs from defendants' faulty construction; and further that the defendants were in error in their motion to dismiss on the ground that the plaintiffs no longer owned the home. With both of those propositions I am in full agreement.

The difficulty I see with reversing the judgment is that, quite independent of the foregoing propositions, the plaintiffs failed to meet their burden of proving that they suffered any such damages. They were afforded full opportunity to do so and the trial court appears to have given due consideration to all of the evidence proffered. He prepared and entered his memorandum decision which recited that:

> . . . after having reviewed the evidence submitted by plaintiffs . . . now grants [defendants' motion to dismiss] for the reason that "(1) plaintiffs *failed to prove that they suffered any damage* as a result of the *alleged* defective construction" *and* (2) they had neither repaired the *alleged defects* while they owned the home nor established that "they received less from the sale than they would have received" had the home been constructed without the alleged defects.[1] [Emphasis added.]

In candor I must concede it was unnecessary to include the second proposition just stated. However, the well established rule of review that if there is a sound basis in the record to do so and the interests of justice so require, this Court will affirm the judgment.[2]

In regard to the evidence, it should be noted that the so-called damages listed in

1. That the memorandum decision of a court may be regarded as and considered together with findings of fact and conclusions of law see *Sprague v. Boyles Bros. Drilling Co.,* 4 Utah 2d 344, 294 P.2d 689; *Life Savers Corp. v. Curtiss Candy Co.,* 7 Cir., 182 F.2d 4.

2. *Goodsel v. Department of Business Regulation,* Utah, 523 P.2d 1230 (1974), citing 5 C.J.S. Appeal and Error § 1464(1).

the main opinion are what the plaintiffs claim, but their evidence was not persuasive to the trial court. Sparing detail, it can be said in generality that except for some repairs to the roof, which was "partly covered by insurance" but we are not told which part, whether 1 percent or 99 percent, there is no credible evidence that would compel a finding that defendants incurred any other expense to remedy any of the claimed defects. It is shown that the plaintiffs made an inspection of the premises before moving in; that after doing so they registered complaints through the Veterans Administration, whose representatives inspected the home and approved it for a loan. Plaintiff Ronald Mitchell testified that he made some repairs, but did not say just what *expenditures had been made with respect thereto. Later, he did present a list* of claimed expenditures, but produced no receipts, invoices, checks, or other documentary evidence to support his assertions. The evidence further shows that the plaintiffs did not inform their buyers of any of the alleged defects, nor make any reduction in price on that account, nor did the buyer require them to make any repairs.

From what has just been said, it is apparent that there is justification for the trial court remaining unpersuaded by the plaintiffs' evidence that they had suffered damages for which the defendants should be held liable;[3] and for the recital in his memorandum decision quoted above, that "the plaintiffs failed to prove that they suffered any damage as a result of the alleged defective construction."

Consistent with the presumption of validity favoring a judgment and requiring the attacker to show reversible error,[4] I would affirm it.

WILKINS, J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.

[3] That self-interest may be a ground for refusing to believe testimony, see *Moore v. Prudential Insurance Co. of America*, 26 Utah 2d 430, 491 P.2d 227 (1971); *Jensen v. Logan City*, 96 Utah 522, 88 P.2d 459 (1939).

[4] *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).