MOUNT GRAHAM COALITION, a nonprofit corporation; Apache Survival Coalition, a nonprofit corporation; Apaches for Cultural Preservation, a nonprofit corporation, David Hodges, an individual, Ola Cassadore Davis, an individual, and Wendsler Nosie, Sr., an individual; Plaintiffs–Appellants,

v.

John MCGEE, in his official capacity as Forest Supervisor of the Coronado National Forest; Eleanor Towns, in her official capacity as Regional Forster, and the United States Forest Service; Defendants–Appellees,

and

State of Arizona Board Of Regents, a body corporate; Intervenor–Defendant–Appellee.

No. 01–16059.

D.C. No. CV–00–412 TUC ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Dec. 2, 2002.

Before KLEINFELD and RAWLINSON, Circuit Judges, and QUACKENBUSH,* District Judge.

MEMORANDUM**

Clear precedent establishes that this court must first determine whether this appeal is moot, because mootness is a jurisdictional question. *See Kescoli v. Babbitt,* 101 F.3d 1304, 1308 (9th Cir.1996)

to attend' the proceedings") (quoting 8 U.S.C. § 1252(b) (1990)) (alterations in original).

* The Honorable Justin L. Quackenbush, Senior District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publi-

(quoting *Friends of Payette v. Horseshoe Bend Hydroelectric,* 988 F.2d 989, 996 (9th Cir.1993)).

The district court found that the Coalitions' NHPA claim was moot. We review the district court's determination that the claim was moot *de novo. See Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998).

We are aware that under Ninth Circuit law, completion of a project does not necessarily moot an environmental claim. *See West v. Secretary of Department of Transportation,* 206 F.3d 920, 925 (9th Cir.2000); *Tyler v. Cuomo,* 236 F.3d 1124, 1137 (9th Cir.2000); *Cuddy Mountain v. Alexander,* 303 F.3d 1059, 1066 (9th Cir.2002). Our cases make clear that completion of activity is not the hallmark for mootness. Rather, a case is moot only where no effective relief for the alleged violation can be given. *Id.*

The Coalitions' NHPA claim is moot because the harm that the Coalitions seek to prevent has already occurred and no effective relief for the alleged NHPA violation can be given. The power line is completely installed with power running through it to the telescopes and other means of electricity have been used for decades on Mount Graham.

**AFFIRMED.**

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.