2004 UT App 161

**Jamie MEDVED, Plaintiff and Appellant,**

v.

**C. Joseph GLENN, M.D.; and Estate of Blayne L. Hirsche, M.D., Defendants and Appellees.**

**No. 20030338-CA.**

Court of Appeals of Utah.

May 13, 2004.

James W. Gilson and Michael F. Richman, Siegfried & Jensen, Murray, for Appellant.

Curtis J. Drake, Anne D. Armstrong, Snell & Wilmer, and Dennis C. Ferguson, Williams & Hunt, Salt Lake City, for Appellees.

Before BENCH, Associate P.J., DAVIS and JACKSON, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiff appeals the trial court's dismissal of her complaint, pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND

¶ 2 From 1991 through early 1998, Dr. Glenn served as Plaintiff's obstetrician/gynecologist. In late 1997, Dr. Glenn diagnosed a lump on Plaintiff's breast as fibrocystic breast disease. On July 13, 1998, Plaintiff saw Dr. Hirsche [1] about a breast augmentation. One week later, Dr. Hirsche ordered and performed a mammogram, which revealed dense fibroglandular tissue bilaterally, no significant abnormality, and no evidence

---

1. Dr. Hirsche was killed in an airplane accident in November 2002, and on December 10, 2002, the estate of Dr. Hirsche was substituted as a party defendant.

of malignancy. The report from the mammogram indicated that the breast was heterogeneously dense and that this may lower the sensitivity of mammography. On August 12, 1998, Dr. Hirsche performed a bilateral breast augmentation and a needle aspiration of three suspected cysts on Plaintiff's right breast. After monitoring Plaintiff's progress and the suspected cysts on her right breast, Dr. Hirsche performed an excisional biopsy of three right breast nodules on December 16, 1998. A pathological examination of the excisional biopsy revealed the presence of differentiated infiltrating ductal carcinoma. To treat this particularly malevolent form of breast cancer, Plaintiff underwent a radical mastectomy of her right breast on December 28, 1998, and followed that procedure with chemotherapy, radiation therapy, and surgical reconstruction of her breast. To this date, Plaintiff has not suffered a recurrence of cancer.

¶ 3 Plaintiff filed her complaint against Dr. Glenn and Dr. Hirsche (collectively, Defendants) on March 5, 2001, alleging that they acted negligently and delayed the breast cancer diagnosis. Plaintiff further alleged that this delay caused her to undergo more extensive treatment than necessary, and left her with an increased risk of cancer recurrence. Defendants, relying upon rule 12(b)(6) of the Utah Rules of Civil Procedure, filed a joint motion for dismissal without prejudice on August 2, 2002. The trial court, stating that "Utah law has not recognized claims of increased risk in the absence of a related injury [and that] Plaintiff . . . has not claimed an injury clearly related to . . . risk[ of cancer recurrence,]" granted Defendant's joint motion and dismissed Plaintiff's complaint without prejudice on March 19, 2003. Plaintiff now appeals.

### ISSUE AND STANDARD OF REVIEW

■■■ ¶ 4 Although Plaintiff purports to raise several issues on appeal, she essentially argues that the trial court erred by dismissing without prejudice her complaint for current, actual damages *and* speculative damages. Specifically, Plaintiff argues that the Utah Supreme Court's decision in *Seale v. Gowans*, 923 P.2d 1361 (Utah 1996), allows

individuals to bring claims for both actual damages that have accrued, and prospective damages that may or may not occur. "Because a rule 12(b)(6) dismissal is a conclusion of law, we review for correctness, granting no deference to the trial court's decision." *Whipple v. American Fork Irrigation Co.*, 910 P.2d 1218, 1220 (Utah 1996). "[T]he purpose of a rule 12(b)(6) motion is to challenge the formal sufficiency of the claim for relief, not to establish the facts or resolve the merits of a case. . . . [D]ismissal is justified only when the allegations of the complaint clearly demonstrate that the plaintiff does not have a claim." *Id.* "In determining whether a trial court properly dismissed an action under rule 12(b)(6), we assume that the factual allegations in the complaint are true and we draw all reasonable inferences in the light most favorable to the plaintiff." *Id.* at 1219.

### ANALYSIS

■■■ ¶ 5 "[M]ost courts follow the general rule that once some injury becomes actionable, a plaintiff *must* plead all damages, both present and future, and cannot thereafter bring another action once future harm occurs." *Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996) (alteration in original). "[T]he law does not recognize an inchoate wrong, and therefore, until there is ' "actual loss or damage resulting to the interests of another," ' a claim for negligence is not actionable." *Id.* (citations omitted). "As a result, even though there exists a possibility, even a probability, of future harm, it is not enough to sustain a claim, and a plaintiff must wait until some harm manifests itself." *Id.*

¶ 6 In *Seale*, the Utah Supreme Court decided whether the statute of limitation for malpractice actions against health care providers barred the plaintiff's claim for negligent failure to diagnose her breast cancer. *See id.* at 1362–66. Plaintiff claimed that the defendants failed to detect a cancerous mass in her breast during an earlier mammogram. *See id.* at 1362. A few months later, a second mammogram showed a larger mass that was confirmed to be cancerous. *See id.* The plaintiff underwent a radical mastectomy, and although all known cancerous areas

were removed, her doctors found that the cancer had spread to eight of her lymph nodes. *See id.* This spread increased the likelihood of recurrence of cancer. *See id.* Little more than three years after her mastectomy, a bone scan revealed that the cancer had recurred in her left hip. *See id.* The statute of limitation issue was tried before a jury, and the jury returned a verdict finding that the plaintiff should have discovered her injury when she was originally diagnosed with cancer, and therefore, the statute of limitation had run on her claim. *See id.* On appeal from the trial court's denial of the plaintiff's motion for judgment notwithstanding the verdict, the Utah Supreme Court reversed the trial court. *See id.* at 1363, 1366.

¶ 7 The supreme court held that the statute of limitation did not begin to run on the plaintiff's claim until she discovered the recurrence of cancer because, under Utah law, claims cannot be split by plaintiffs. *See id.* at 1364 (noting parenthetically that " '[o]nce injury results there is but a single tort and not a series of separate torts.... [A] plaintiff may not split this cause of action by seeking damages for some of his injuries in one suit and for later-developing injuries in another.' " (first and third alterations in original) (citation omitted)). Accordingly, the statute of limitation begins to run on all present and future claims once a harm is discovered. *See id.* In *Seale,* the claimed harm was the recurrence of the cancer, and since it did not manifest itself until three years after the plaintiff's radical mastectomy, the statute of limitation began running when the plaintiff discovered the recurrence. *See id.* at 1365–66. To hold otherwise would allow statutes of limitation to run on negligence claims that had yet to occur. *See id.* at 1364 ("[T]he law does not recognize an inchoate wrong, and therefore, until there is ' "actual loss or damage resulting to the interests of another," ' a claim for negligence is not actionable." (citations omitted)).

¶ 8 Plaintiff argues that *Seale* does not prevent her from bringing a negligence action against Defendants for their failure to diagnose her breast cancer earlier, nor does it prevent her from recovering damages for her actual harm as well as future damages if cancer recurs. Plaintiff points to language from *Seale* for the proposition that she may maintain a claim for the risk of cancer recurrence if she also presently claims actual damages. *See id.* at 1365 ("[W]e conclude that without proof of actual damages, an alleged claim for enhanced risk is not adequate to sustain a cause of action for negligence.").

¶ 9 Plaintiff's reliance upon *Seale* for her position is misplaced. *Seale* clearly stands for the proposition that speculative claims are not allowed under Utah law. *See id.* at 1366 ("We believe that the better approach is to wait until the potential harm manifests itself, allowing for more certain proof and fewer speculative lawsuits.").

¶ 10 Then, relying on our prohibition against claim splitting, Plaintiff asserts that she should be allowed to pursue her claim for speculative damages so long as she simultaneously pursues her claim for actual damages. *Seale* does not stand for this proposition. Rather, *Seale* preserves Plaintiff's claim for actual damages until speculative damages become actual damages. *See id.* While it may be true that Plaintiff has an increased risk of cancer, whether the cancer will recur is purely speculative. Since the radical mastectomy, chemotherapy, radiation therapy, and reconstruction, Plaintiff has not suffered a recurrence of cancer. While she is faced with a higher risk of breast cancer, this recurrence is not a foregone conclusion. As such, Plaintiff's claim for the increased risk of recurrence of cancer is "not actionable." [2] *Id.* at 1364.

¶ 11 We therefore conclude that the trial court correctly dismissed Plaintiff's action without prejudice. We do not reach the issue of whether Plaintiff may amend her pleadings to pursue her claim for actual damages, perhaps waiving her claim to speculative damages to avoid the proscription of

---

**2.** Plaintiff also relies upon *George v. LDS Hospital,* 797 P.2d 1117 (Utah Ct.App.1990). *George* is inapposite to this case because (1) it was a wrongful death case where actual damages had already been sustained, and (2) the focus of the decision was on causation, not speculative damages. *See id.* at 1118–22.

*Seale.* Nor do we address the consequences of such an action, including the application of the statute of limitation to her claim for actual damages, unconnected to a claim for speculative damages.

### CONCLUSION

¶ 12 Under Utah law, an action for negligence cannot be pursued until a plaintiff suffers an injury. The risk of the recurrence of cancer does not constitute an injury. Because both actual and speculative claims arising from a single tort cannot be split, we conclude that the trial court correctly dismissed Plaintiff's action without prejudice.

¶ 13 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and NORMAN H. JACKSON, Judge.