2005 UT 77

**Jamie MEDVED, Plaintiff and Petitioner,**

v.

**C. Joseph GLENN, M.D., and Estate of Blayne L. Hirsche, M.D., Defendants and Respondents.**

No. 20040492.

Supreme Court of Utah.

Nov. 15, 2005.

Michael F. Richman, Murray, for plaintiff.

Curtis J. Drake, Anne D. Armstrong, Salt Lake City, for defendant Glenn.

Dennis C. Ferguson, Salt Lake City, for defendant Estate of Blayne L. Hirsche.

PARRISH, Justice:

## INTRODUCTION

¶ 1 In this case, we are asked to determine whether plaintiff Jamie Medved may assert a cause of action for present and future damages resulting from the failure to diagnose her breast cancer, when the future damages are based on the mere possibility that her cancer will recur. The court of appeals held that Ms. Medved cannot file suit unless and until she has experienced a recurrence of her cancer. We reverse.

## BACKGROUND

¶ 2 In August 1997, Ms. Medved visited her gynecologist, Dr. C. Joseph Glenn, after discovering a lump in her right breast. Although Dr. Glenn noted the lump, observed fibrocystic changes in both breasts, and recommended that Ms. Medved conduct future self-examinations to track the size and shape of the lump, he failed to order a mammogram. Several months later, in February 1998, Ms. Medved returned to Dr. Glenn, again complaining of the lump in her breast. Dr. Glenn observed that the right breast had undergone additional fibrocystic changes, but again failed to order a mammogram.

¶ 3 On July 13, 1998, Ms. Medved consulted with Dr. Blayne L. Hirsche, a plastic surgeon, concerning both the removal of the lump in her breast and a breast augmentation. During the initial examination, Dr. Hirsche discovered several cysts in Ms. Medved's right breast and, as a result, recommended that she have a mammogram. While the results of the mammogram indicated that there was no evidence of malignancy, the report noted that the mammogram may be less sensitive due to the heterogeneously dense nature of Ms. Medved's breast.

¶ 4 On August 12, 1998, Dr. Hirsche performed a breast augmentation on Ms. Medved, but did not remove the cysts. He did attempt to aspirate three cystic areas, but he obtained very little fluid and did not send it to pathology for evaluation. Four months later, after monitoring the cysts, Dr. Hirsche performed a biopsy on the three lesions. The biopsy indicated that Ms. Medved was suffering from infiltrating ductal carcinoma that had spread to eight lymph nodes. As a result of her diagnosis, Ms. Medved underwent a mastectomy, radiation, and chemotherapy.

¶ 5 On March 5, 2001, Ms. Medved filed a complaint against Drs. Glenn and Hirsche for medical malpractice, alleging that, as a result of her delayed diagnosis, she suffered damages in the form of having to undergo more extreme and invasive treatment, including a mastectomy, chemotherapy, and radiation, than she would have had to undergo had defendants timely diagnosed her cancer.[1]

1. During the course of this litigation, Dr. Hirsche was killed in an airplane accident. Consequent-

ly, Ms. Medved moved, pursuant to rule 25(a) of the Utah Rules of Civil Procedure, to substitute

Additionally, Ms. Medved sought damages based on the increased risk of a recurrence of her cancer and the possibility of future medical expenses.

¶ 6 Defendants filed a motion to dismiss Ms. Medved's complaint pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing that, under this court's opinion in *Seale v. Gowans*, 923 P.2d 1361 (Utah 1996), Ms. Medved could not plead a legally cognizable injury unless and until she experienced a recurrence of her cancer. The district court granted defendants' motion, holding that it could find "no legally recognized claim" when Ms. Medved "has claimed an increased risk of cancer recurrence, but has not claimed an injury clearly related to that risk." Ms. Medved appealed the district court's order of dismissal.

¶ 7 The court of appeals affirmed the district court, declaring that Ms. Medved's "claim for the increased risk of recurrence of cancer is 'not actionable.'" *Medved v. Glenn*, 2004 UT App 161, ¶ 10, 92 P.3d 176 (quoting *Seale*, 923 P.2d at 1364). In so holding, the court of appeals rejected Ms. Medved's argument that, under *Seale*, she was permitted to bring a cause of action for future damages so long as she simultaneously pleaded a claim for present injury. It declared, "*Seale* does not stand for this proposition. Rather, *Seale* preserves [p]laintiff's claim for actual damages until speculative damages become actual damages." *Id.* Although the court of appeals affirmed the dismissal of Ms. Medved's claim, it stated as follows:

> We do not reach the issue of whether [Medved] may amend her pleadings to pursue her claim for actual damages, perhaps waiving her claim to speculative damages to avoid the proscription of *Seale*. Nor do we address the consequences of such an action, including the application of the statute of limitation to her claim for actual damages, unconnected to a claim for speculative damages.

*Id.* ¶ 11. Ms. Medved petitioned for certiorari, which we granted. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(a) (2002).

¶ 8 " 'On certiorari, we review the court of appeals' decision for correctness,' focusing on 'whether that court correctly reviewed the [district] court's decision under the appropriate standard of review.'" *Hansen v. Eyre*, 2005 UT 29, ¶ 8, 116 P.3d 290 (quoting *State v. Dean*, 2004 UT 63, ¶ 7, 95 P.3d 276). "Because the propriety of a motion to dismiss is a question of law, we review the court of appeals' determination that the district court [did not] err[ ] in dismissing Plaintiff's . . . claim[ ] for correctness," *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 34, 108 P.3d 741, "accept[ing] the factual allegations in the complaint as true and consider[ing] them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party," *Riddle v. Perry*, 2002 UT 10, ¶ 2, 40 P.3d 1128.

## ANALYSIS

### I. DID THE COURT OF APPEALS CORRECTLY INTERPRET *SEALE?*

¶ 9 Ms. Medved argues that the court of appeals erred in holding that all claims for possible future injury, whether or not pleaded in conjunction with claims for actual present injury, are barred under our holding in *Seale v. Gowans*, 923 P.2d 1361 (Utah 1996). According to Ms. Medved, because she pleaded a legally cognizable present injury, she is entitled, under *Seale*, to pursue her claim for all potential future injuries as well. We agree.

¶ 10 In *Seale*, we faced the question of what constitutes a legally cognizable injury for purposes of the statute of limitations. In that case, the defendants failed to detect a mass visible in Ms. Seale's mammogram, which was taken in August of 1987. *Id.* at 1362. Nine months later, when the cancer was ultimately diagnosed, Ms. Seale learned of the earlier misdiagnosis, underwent a radical mastectomy, and was informed that the cancer had spread to eight lymph nodes. *Id.* Three years after her diagnosis, Ms. Seale experienced a recurrence of her cancer. *Id.* She then filed suit, alleging that the recurrence was the result of the defendants' negli-

the estate of Dr. Hirsche as a defendant. The district court granted this motion.

gent delay in accurately diagnosing her breast cancer. *Id.* As an affirmative defense, the defendants claimed that the statute of limitations had run on Ms. Seale's cause of action because the injury attributable to their alleged negligence occurred when Ms. Seale first learned that, as a result of the delayed diagnosis, the cancer had spread to her lymph nodes, thereby increasing her risk of a recurrence. *Id.* at 1364.

¶ 11 We rejected the defendants' argument. Because the defendants had failed to demonstrate that Ms. Seale had suffered a legally cognizable injury at any time prior to her recurrence of cancer, we held that the statute of limitations did not begin to run until the cancer recurred. *Id.* at 1364. We concluded that the increased risk of recurrence, as evidenced by the spread of cancer to Ms. Seale's lymph nodes, did not constitute a legally cognizable injury because, "without proof of *actual damages,* an alleged claim for enhanced risk is not adequate to sustain a cause of action for negligence." *Id.* at 1365 (emphasis added). Accordingly, we held that "damages in the form of an enhanced risk *only* are not sufficient to start the running of the statute of limitations." *Id.* (emphasis added).

¶ 12 In so holding, we distinguished Ms. Seale's case from those relied on by the defendants by recognizing that, unlike Ms. Seale, the plaintiffs in those cases "had suffered *actual damages in conjunction with the increased risk* of the cancer's recurrence." *Id.* (emphasis added); *see Swain v. Curry,* 595 So.2d 168, 169 (Fla.Dist.Ct.App. 1992) (noting that, in addition to pleading damages for a future recurrence of cancer, the plaintiff also pleaded present damages for "permanent scarring and disfigurement"); *Colbert v. Georgetown Univ.,* 641 A.2d 469, 474 (D.C.1994) (recognizing that, in addition to future damages, the plaintiffs' complaint sought damages for present injuries sustained by the plaintiff, such as "[t]hird degree burns resulting from the otherwise unnecessary joint application of radiation and chemotherapy"). Because Ms. Seale had not pleaded any injury other than the recurrence of cancer, and because the defendants did not allege that Ms. Seale had suffered any injury

beyond the spread of the cancer to her lymph nodes, we concluded that those cases were inapposite. *Seale,* 923 P.2d at 1365.

¶ 13 In this case, expressly relying on our holding in *Seale,* the court of appeals declared that "speculative claims are not allowed under Utah law." *Medved,* 2004 UT App 161, ¶ 9, 92 P.3d 176. By so declaring, the court of appeals emphasized, to the exclusion of our actual holding in *Seale,* our discussion of the policy concerns that militate against allowing purely speculative claims for future damages. *Seale,* 923 P.2d at 1365–66. That discussion, however, concerned purely speculative claims based solely on "inchoate wrongs." *Id.* at 1364. In discussing speculative claims for future damages pleaded *in conjunction with* a legally cognizable injury, we stated that "once some injury becomes actionable, a plaintiff must plead all damages, both present and future, and cannot thereafter bring another action once future harm occurs." *Id.* Consequently, if a plaintiff is able to plead a legally cognizable injury, she " 'is entitled to [seek] damages not only for harm already suffered, but also for that which will probably result in the future.' " *Id.* (quoting Restatement (Second) of Torts § 912 cmt. e (1979)). This is true regardless of whether the plaintiff eventually succeeds on her claim for the present legal injury.

¶ 14 In summary, our holding in *Seale* that "damages in the form of an enhanced risk only are not sufficient to start the running of the statute of limitations," 923 P.2d at 1365, is applicable only to those cases where a plaintiff seeks to recover damages for a possible future injury without having suffered any presently cognizable injury. We hereby clarify that our holding was never intended to, and does not, displace the generally accepted "one action rule." Under that rule, once a plaintiff suffers an actionable injury, she is entitled to recover damages not only for harm already suffered, but also for that which will probably result in the future. Restatement (Second) of Torts § 912 cmt. e (1979). Indeed, a plaintiff's failure to seek future damages in such a situation may very well preclude any subsequent attempts at recovery.

¶ 15 Although we are baffled by defendants' interpretation of *Seale,* we recognize that it was adopted by our colleagues on both the district court and the court of appeals. Moreover, in view of the arguments presented in this case, it appears as if it has been widely accepted in our legal community. It is therefore entirely possible, if not likely, that prospective plaintiffs have delayed filing suit due to the widely-accepted, but erroneous, interpretation of our holding in *Seale.*

¶ 16 To avoid the substantial injustice that may otherwise flow from our holding today, we note that it should be applied only prospectively, in effect tolling the statute of limitations for all individuals who may have relied on the erroneous interpretation. *See Malan v. Lewis,* 693 P.2d 661, 676 (Utah 1984) (petition for reh'g) ("The general rule from time immemorial is that the ruling of a court is deemed to state the true nature of the law both retrospectively and prospectively.... Whether the general rule should be departed from depends on whether a substantial injustice would otherwise occur."). Consequently, for those individuals who may have delayed filing their causes of action due to the erroneous interpretation of *Seale,* the statute of limitations on their claims will begin to run as of the date of this opinion.

## II. HAS MS. MEDVED PLEADED A LEGALLY COGNIZABLE INJURY?

■ ¶ 17 Pursuant to our discussion above, Ms. Medved is entitled to seek damages relating to a possible recurrence of cancer if she has simultaneously pleaded a legally cognizable injury. A legally cognizable injury occurs when " 'the injured person knew or should have known that [s]he had sustained an injury and that the injury was caused by negligent action.' " *Seale v. Gowans,* 923 P.2d 1361, 1363 (Utah 1996) (quoting *Foil v. Ballinger,* 601 P.2d 144, 148 (Utah 1979)); *see also Collins v. Wilson,* 1999 UT 56, ¶ 19, 984 P.2d 960 ("[D]iscovery of legal injury, therefore, encompasses both awareness of physical injury and knowledge that the injury is or may be attributable to negligence." (internal quotations omitted)).

■ ¶ 18 We conclude that the court of appeals erred in holding that Ms. Medved did not plead a legally cognizable injury. The complaint alleges that Ms. Medved suffered a present legal injury by having to undergo more extensive cancer treatment than she would have undergone had her cancer been timely diagnosed. This treatment included a mastectomy, chemotherapy, and radiation. The damages associated with having to undergo such treatments clearly constitute a legally cognizable injury. Because Ms. Medved has alleged such an injury, she is entitled to plead a cause of action for future damages as well.

## CONCLUSION

¶ 19 We hold that Ms. Medved is entitled to seek damages associated with the possible future recurrence of her cancer because she simultaneously pleaded a legally cognizable injury. Because many may have relied on an erroneous interpretation of our prior opinion in *Seale,* our holding in this matter is to be applied only prospectively.

¶ 20 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH'S opinion.