2005 UT App 521

**Marion SNOW and Roger Snow, Plaintiffs and Appellants,**

v.

**Richard A. IRION, M.D., Defendant and Appellee.**

No. 20040850–CA.

Court of Appeals of Utah.

Dec. 8, 2005.

Douglas G. Mortensen, Matheson Mortensen Olsen Jeppson, PC, Salt Lake City, for Appellants.

Elliott J. Williams and Carolyn S. Jensen, Williams & Hunt, Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and THORNE.

THORNE, Judge:

¶ 1 Plaintiffs Marion and Roger Snow appeal from an order dismissing their medical malpractice suit against Dr. Richard A. Irion. We reverse.

## BACKGROUND

¶ 2 On June 18, 2002, Irion performed a hysterectomy on Marion Snow due to post-menopausal bleeding.[1] Irion failed to per-

---

1. In reviewing a trial court's grant of dismissal, we accept the factual allegations in the com-

form an ultrasound prior to surgery that would have revealed a large tumor on Snow's ovary. During the surgery, Irion discovered the tumor but mistook it for a fatty mass. In attempting to remove the tumor, he ruptured it, spilling its contents into Snow's body. Had the tumor been discovered in advance, it could have been removed abdominally, avoiding the rupture. Although Irion learned within two days that the tumor contained cancerous cells, Snow was not informed for approximately six weeks. Due to this delay, Snow did not begin chemotherapy until over ninety days after the discovery of cancer.

¶3 Snow underwent extensive cancer treatment, including radiation and chemotherapy. The cancer treatment was accompanied by considerable trauma, illness, and expense. Although there has been no diagnosis of recurrent cancer since the treatment, Snow contends that she remains at a heightened risk for cancer.

¶4 The Snows filed a complaint against Irion on April 28, 2004, alleging damages for physical, emotional, and economic injuries incurred because of Irion's negligent treatment and failure to promptly notify Marion Snow of the tumor's malignancy. Additionally, the complaint alleged damages based upon Snow's heightened risk of cancer recurrence. Irion filed a motion to dismiss based on this court's holding in *Medved v. Glenn*, 2004 UT App 161, ¶10, 92 P.3d 176, that a claim for an increased risk of cancer is not actionable. On September 27, 2004, the trial court entered an order granting Irion's motion to dismiss without prejudice. The Snows appeal.

## ISSUE AND STANDARD OF REVIEW

¶5 The sole issue in this case is whether a plaintiff can bring an action seeking damages for possible future injury if she concurrently seeks damages for actual present injury. We review a trial court's grant of dismissal for correctness, "treating the factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiffs." *Russell v. Lundberg*, 2005 UT App 315, ¶10, 120 P.3d 541.

plaint as true and consider them, and all reasonable inferences to be drawn from them, in the

## ANALYSIS

¶6 On November 15, 2005, the Utah Supreme Court issued *Medved v. Glenn*, 2005 UT 77. The supreme court reversed this court's 2004 decision below, holding that if "a plaintiff is able to plead a legally cognizable injury, she is entitled to seek damages not only for harm already suffered, but also for that which will probably result in the future." *Id.* at ¶13 (alteration omitted) (quotations and citation omitted); *see also Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996); Restatement (Second) of Torts § 912 cmt. e (1979). We review the instant case in light of the supreme court's *Medved* decision.

¶7 In *Medved*, the plaintiff filed a complaint against two doctors for medical malpractice, alleging that because the doctors did not timely diagnose breast cancer "she suffered damages in the form of having to undergo more extreme and invasive treatment, including a mastectomy, chemotherapy, and radiation" than she would have had to otherwise endure had the doctors acted without negligence. 2005 UT 77 at ¶5. She also "sought damages based on the increased risk of a recurrence of her cancer and the possibility of future medical expenses." *Id.* The supreme court held that the damages associated with "having to undergo more extensive cancer treatment than [a plaintiff] would have undergone had her cancer been timely diagnosed" constitutes "a legally cognizable injury," and allowed her to pursue her present and future damages under the " 'one action rule.' " *Id.* at ¶¶14, 18.

¶8 The facts in this case are almost identical to those in *Medved*. Like the plaintiff in *Medved*, the Snows claim damages not only for an increased risk of the recurrence of cancer, but also for harm already suffered due to cancer treatment Marion Snow would not have had to undergo but for Irion's negligence. Under *Medved*, these present harms constitute a legally cognizable injury. *See id.* at ¶18. Accordingly, under the one action rule, the Snows have alleged an actionable

light most favorable to the nonmoving party. *See Medved v. Glenn*, 2005 UT 77, ¶8.

injury and can bring a single action for both present and future damages.

## CONCLUSION

¶ 9 We reverse and remand for further proceedings consistent with this opinion and *Medved v. Glenn*, 2005 UT 77.

¶ 10 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.