2006 UT App 352

Thomas **ELEOPULOS** and Cathy Atkin, Plaintiffs and Appellants,

v.

**McFARLAND AND HULLINGER, LLC,** and Does I–X, Defendants and Appellee.

No. 20050302–CA.

Court of Appeals of Utah.

Aug. 31, 2006.

Gregory J. Sanders, Kipp & Christian, Salt Lake City, for Appellants.

Rosemary J. Beless and P. Bruce Badger, Fabian & Clendenin, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶1 Plaintiffs Thomas Eleopulos and Cathy Atkin appeal the district court's ruling granting Defendant McFarland and Hullinger, LLC's Motion for Summary Judgment. We affirm.

## BACKGROUND

¶2 Cathy and Patsy Atkin[1] are sisters and beneficiaries of the Morley T. Atkin Trust (the Trust). The Trust, which owned a piece of real property containing a gravel pit,[2] leased the gravel pit to Defendant for nearly ten years beginning on January 2, 1992, through June 30, 2001. During the lease period, Plaintiffs observed Defendant dumping truckloads of dark colored soil that they suspected was toxic in nature into the gravel pit. Plaintiffs reported the incident to the Environmental Protection Agency and the Department of Environmental Quality. Beginning in approximately November 2003, they hired experts to evaluate the situation, incurring approximately $45,000 in expert and site-study fees.

¶3 In March 2000, Patsy brought a partition action against Cathy seeking a division of their co-ownership in the Trust property. An agreement was signed by Cathy and Patsy on September 19, 2001, wherein they agreed to divide the Trust property by giving Cathy the north portion and Patsy the south portion, which included the gravel pit. In March 2004, an Amended Order of Partition was entered awarding the north portion of the Trust property to Cathy and the south portion to Patsy.

¶4 On October 12, 2001, Plaintiffs filed a complaint against Defendant seeking damages related to the alleged dumping of toxic materials into the gravel pit. The complaint asserted causes of action for breach of contract, waste, conversion, unjust enrichment, and trespass.[3] Defendant filed a motion for summary judgment, which the district court granted in part, thus disposing of Plaintiffs' conversion and unjust enrichment claims.

¶5 On November 8, 2004, Defendant filed another motion for summary judgment on the remaining claims. Plaintiffs agreed to the dismissal of the trespass claim, and a hearing on the motion for summary judgment was held on the breach of contract and waste claims. The district court granted Defendant's motion and dismissed Plaintiffs' remaining claims without prejudice.

¶6 The district court based its dismissal of the claims on the undisputed facts that: (1) the Trust property was partitioned to give the gravel pit property to Patsy, (2) no evidence was presented on any diminution in value of the gravel pit property in the partition action, (3) Plaintiffs did not have an ownership interest in the gravel pit, and (4) no clean-up action or order had been instituted against anyone. The district court also found that no present damages existed because Plaintiffs had not suffered any economic loss or prejudice to their previous interest in the gravel pit, and that any diminution in value of the gravel pit property was not raised by Plaintiffs as damages.

## ISSUE AND STANDARD OF REVIEW

¶7 Plaintiffs appeal the district court's grant of summary judgment in favor of Defendant. Specifically, Plaintiffs assert that the district court erred by concluding that no genuine issues of material fact regarding damages existed to defeat summary judgment on their claims for breach of contract and waste.

---

1. Because Cathy and Patsy have the same surname, we refer to each by her first name.

2. Cathy subsequently conveyed a portion of her interest in the property to Thomas Eleopulos.

3. We note that Patsy, the current owner of the gravel pit, was not a party to the action, and never made a claim against Defendant.

¶ 8 Summary judgment is proper when no genuine issues of material fact exist and "the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "We review a summary judgment determination for correctness, granting no deference to the [district] court's legal conclusions." *Wayment v. Clear Channel Broad., Inc.*, 2005 UT 25, ¶ 15, 116 P.3d 271 (alteration in original) (quotations and citation omitted). Furthermore, "[w]hen reviewing a grant of summary judgment, we are to review the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Hale v. Beckstead*, 2005 UT 24, ¶ 2, 116 P.3d 263 (quotations and citations omitted).

## ANALYSIS

¶ 9 In order to preclude the entry of summary judgment on claims for breach of contract and waste, Plaintiffs must raise material issues of fact pertaining to actual damages.[4] Both of Plaintiffs' causes of action require damages as an essential element of proof.

¶ 10 A breach of contract claim requires four essential elements of proof, one of which is damages. *See Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388 ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."). Breach of contract damages seek to place the aggrieved party in the same economic position the party would have been in if the contract was not breached. *See Mahmood v. Ross*, 1999 UT 104, ¶ 19, 990 P.2d 933 ("'As a general rule, legal damages serve the important purpose of compensating an injured party for actual injury sustained, so that she may be restored, as nearly as possible, to the position she was in prior to the injury.'" (quoting *Castillo v. Atlanta Cas. Co.*, 939 P.2d 1204, 1209 (Utah Ct.App. 1997))).

¶ 11 Similarly, a waste claim requires three elements of proof, one of which is damages in the form of prejudice to the estate or interest of another. *See Oquirrh Assocs. v. First Nat'l Leasing Co.*, 888 P.2d 659, 664 (Utah Ct.App.1994) (stating that in all claims for waste, three elements must be met: (1) an act constituting waste, (2) the act must be done by one legally in possession, and (3) the act must be to the prejudice of the estate or interest therein of another). The measure of damages for waste is established by "showing either the difference in market value before and after the injury, or the cost of restoration." *Dugan v. Jones*, 724 P.2d 955, 957 (Utah 1986).

¶ 12 Plaintiffs contend that they presented sufficient evidence to the district court to establish that they incurred damages pertaining to both their breach of contract and waste claims. Plaintiffs identify approximately $45,000 in expert and site-study fees, as well as personal liability for clean-up costs in the amount of at least $1.5 million. We conclude that neither of these amounts can be considered damages under the circumstances of this case.

¶ 13 First, the expert and site-study fees are expenses incurred in preparation for trial and are not recoverable as damages for either of Plaintiffs' breach of contract or waste claims. "'Damages' is commonly defined as 'the estimated money equivalent for detriment or injury sustained.'" *Aris Vision Inst., Inc. v. Wasatch Prop. Mgmt., Inc.*, 2006 UT 38, ¶ 16 (quoting *Random House Webster's Unabridged Dictionary* 504 (2nd ed.2001)). "Additionally, *Black's Law Dictionary* defines 'damages' as '[m]oney claimed by or ordered to be paid to, a person as compensation for loss or injury.'" *Id.* (quoting *Black's Law Dictionary* 393 (7th ed.1999) (alteration in original)). Further, damages are based on fault. *See id.*

¶ 14 The cost of an expert's research and preparation for trial, "[is] not in the nature of ... damages." *Stratford v. Wood*, 11 Utah 2d 251, 358 P.2d 80, 81 (1961).

---

4. The district court ruled that Plaintiffs failed to show any genuine issues of material fact regarding damages and assumed for purposes of the motion for summary judgment that Defendant breached the contract and committed acts constituting waste. Therefore, we address only the damages element of Plaintiffs' breach of contract and waste claims.

Rather, the expert and site-study fees are an expense of litigation, and, "although essential to the presentation of [Plaintiffs'] case, cannot be considered a 'cost.'" *Stevens v. Stevens*, 754 P.2d 952, 959 (Utah Ct.App.1988); *see also Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 42, 70 P.3d 35 ("'[A]ny amount paid [for a witness] over the statutory allowance is an expense of litigation rather than a taxable cost, and not recoverable.'" (second alteration in original) (quoting *Young v. State*, 2000 UT 91, ¶ 18, 16 P.3d 549)); *Hatanaka v. Struhs*, 738 P.2d 1052, 1055 (Utah Ct.App.1987) (finding that costs of survey made in preparation for trial not recoverable as costs).

■ ¶ 15 The expert and site-study fees in this case were the result of an investigation, initiated at the request of Plaintiffs' attorney, that began in approximately November 2003. This investigation was conducted about two years after Plaintiffs filed their complaint. Thus, the expert and site-study fees are expenses incurred in preparation for trial and do not represent the money equivalent of detriment or injury sustained. Therefore, those fees do not establish damages or prejudice to Plaintiffs' previous interest in the gravel pit necessary to preclude summary judgment on their breach of contract and waste claims.

■ ¶ 16 Second, Plaintiffs assert that evidence of their potential personal liability for clean-up costs of the gravel pit, in the amount of at least $1.5 million, was sufficient to preclude summary judgment on both claims.[5] The issue of whether a plaintiff can bring an action seeking damages based on an enhanced risk of future harm or damages has been addressed in the context of medical malpractice actions. In *Medved v. Glenn*, 2005 UT 77, 125 P.3d 913, the Utah Supreme Court reaffirmed and explained its previous holding that "if a plaintiff is able to plead a legally cognizable injury, she is entitled to seek damages not only for harm already suffered, but also for that which will probably result in the future." *Id.* at ¶ 13 (alteration omitted) (quotations and citation omitted); *see also Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996); *Snow v. Irion*, 2005 UT App 521, ¶¶ 6–9, 127 P.3d 1222 (discussing and applying the holding in *Medved*). However, "the law does not recognize an inchoate wrong, and therefore, until there is actual loss or damage resulting to the interests of another, a claim for negligence is not actionable." *Seale*, 923 P.2d at 1364 (quotations and citations omitted). Thus, although "there exists a possibility, even a probability, of future harm, it is not enough to sustain a claim, and a plaintiff must wait until some harm manifests itself." *Id.*

■ ¶ 17 In the instant case, Plaintiffs did not raise the issue of any diminution in value of the gravel pit property in either the partition action or in their action for breach of contract and waste. The expert and site-study fees are expenses incurred in preparation for trial and are not recoverable as damages. Furthermore, no clean-up action has been initiated by any agency and no order for clean-up presently exists. Indeed, Plaintiffs may be personally liable for the clean-up costs incurred by Defendant's alleged dumping of toxic materials. However, the Plaintiffs have not provided any evidence to show that they suffered an actual loss or damage to their previous interest in the gravel pit property. Therefore, without proof of actual damages, even in a nominal amount, an alleged claim that damages may

---

**5.** Plaintiffs cite *Empire Manufacturing Co. v. Empire Candle, Inc.*, 273 Kan. 72, 41 P.3d 798 (2002), and argue that the applicable law is that damages accrue at the time the lease was breached and the waste occurred, and that Plaintiffs owned the gravel pit property during the time the lease was breached and the waste occurred. Plaintiffs also assert that the district court incorrectly relied on the fact that Plaintiffs no longer owned the gravel pit and that the district court should have found that damages accrued when Plaintiffs owned the property. However, without addressing whether this is the law in Utah, this argument fails because the district court effectively found that no damages existed regardless of whether the claims are assessed before or after the partition action. And the district court correctly considered the partition action in determining whether Plaintiffs had incurred any damages in the way of diminution in value when the parcel was partitioned. It should be noted that if Plaintiffs had suffered any compensable damage, their lack of a present ownership interest in the gravel pit would not preclude recovery. *See Mitchell v. Stewart*, 581 P.2d 564, 564–65 (Utah 1978).

occur in the future if Plaintiffs are held liable for clean-up costs is not adequate to sustain a cause of action for breach of contract or waste. We affirm the district court's grant of summary judgment dismissing Plaintiffs' claims for breach of contract and waste.

## CONCLUSION

¶ 18 The only damages asserted by Plaintiffs are the expert and site-study fees, and potential personal liability for clean-up costs related to the alleged dumping, neither of which establish damages necessary to preclude summary judgment. The expert and site-study fees are expenses incurred in preparation for trial and are not recoverable as damages. Furthermore, Plaintiffs have not suffered any economic loss: diminution in value of the gravel pit property was not raised by Plaintiffs as damages, and Plaintiffs have not been required to pay for any clean-up action costs. Thus, we conclude that without proof of actual damages, an alleged claim that damages may occur in the future if Plaintiffs are held liable for clean-up costs related to the alleged dumping is not adequate to sustain a present cause of action for breach of contract or waste. Therefore, we affirm the district court's grant of summary judgment in favor of Defendant.

¶ 19 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and JAMES Z. DAVIS, Judge.