*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2018 UT 13**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

S.S., by and through his mother and guardian, Staci Shaffer, and
STACI SHAFFER,
*Appellants,*

*v.*

IHC HEALTH SERVICES, INC., CARDON HEALTHCARE NETWORK, LLC,
and CARDON OUTREACH,
*Appellees.*

No. 20170256
Filed April 10, 2018

On Direct Appeal

Third District, Salt Lake
The Honorable Kara L. Pettit
No. 150909015

Attorneys:

Leonard E. McGee, Peter R. Mifflin, Sandy, for appellants

Alan C. Bradshaw, Steven C. Bednar, Salt Lake City, for appellee
IHC Health Services, Inc.

Derek J. Williams, Nathaneal J. Mitchell, Salt Lake City, for appellees
Cardon Healthcare Network, LLC and Cardon Outreach

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE PEARCE, and JUDGE CHRISTIANSEN joined.

Having recused herself, JUSTICE PETERSEN does not participate herein;
COURT OF APPEALS JUDGE MICHELE M. CHRISTIANSEN sat.

JUSTICE HIMONAS, opinion of the Court:

¶1    A child was struck by a car and seriously hurt. The owner of the hospital at which the child received medical care sought to secure payment for that care by asserting liens against the child's interest in the tort claim against the driver of the car. The child, who

was Medicaid eligible, and his mother brought a number of claims against the hospital owner and its payments vendor, nearly all of which centered on contentions that the liens violated Medicaid law.[1] After the liens had been released, the district court granted summary judgment in favor of the defendants. We affirm the grant based upon basic principles of mootness and plaintiffs' inability to state a claim as a matter of law.

## BACKGROUND

¶2   There are very few material facts relevant to the causes of action we address upon the merits in this appeal. S.S. was hit by a car being driven by Gayla Stumpf. As a result of the accident, S.S. was severely injured, necessitating extensive medical treatment, which he received over the course of two years at Primary Children's Hospital, an IHC facility.[2]

¶3   Staci Shaffer entered into a two-page, standard-form patient agreement with IHC. Under the terms of that contract, Ms. Shaffer agreed to pay IHC for the medically necessary and appropriate health care services it provided to S.S.

¶4   IHC uses Cardon to help it collect from patients hurt in accidents caused by third parties. In early 2014, Cardon asserted a hospital lien on behalf of IHC against any potential recovery going from Ms. Strumpf to S.S. Cardon released that lien three months later. It then asserted a second hospital lien in March 2015.

¶5   After Cardon had asserted and released the first hospital lien and asserted the second hospital lien, plaintiffs brought this lawsuit. In their complaint, plaintiffs asserted eleven claims:

---

[1] For clarity, and unless necessary for context, we refer to the child, S.S., and his mother, Staci Shaffer, as "plaintiffs" and to the owner of the hospital, IHC Health Services (IHC), and its payments vendor, the Cardon defendants (Cardon), as "defendants."

[2] When we assess a district court's award of summary judgment, "[w]e give no deference to the district court's legal conclusions and consider whether the court correctly decided that no genuine issue of material fact existed." *Heslop v. Bear River Mut. Ins. Co.*, 2017 UT 5, ¶ 15, 390 P.3d 314 (citation omitted) (internal quotation marks omitted). However, "[w]e review the facts in a light most favorable to the party against whom summary judgment was granted." *Id.* (citation omitted) (internal quotation marks omitted).

(1) violation of the Utah False Claims Act, (2) civil conspiracy, (3) conversion, (4) vicarious liability, (5) willful refusal to release a lien, (6) negligence, (7) intentional infliction of emotional distress, (8) tortious interference with economic relations, (9) breach of the implied covenant of good faith and fair dealing, (10) wrongful lien, and (11) declaratory judgment of a void lien. Five months after the complaint was filed, defendants released the second hospital lien. And five months after that, in October 2016, plaintiffs settled their claims against Ms. Strumpf.

¶6 Defendants moved for summary judgment the following month. Broadly speaking, defendants argued that the district court should grant summary judgment because, first, the claims were all mooted when they released the second hospital lien; second, the claims all failed for independent legal reasons; and third, the claims were all based upon an incorrect interpretation of Medicaid law. The court granted the motion by order dated March 14, 2017. In that order, the court reasoned "that all of [p]laintiffs' claims are moot, with the exception of" the intentional infliction of emotional distress claim and the possible exception of the tortious interference and good faith and fair dealing claims. As was its right, the district court skipped over defendants' second argument and dismissed the remaining three counts based on the court's interpretation of Medicaid law.

¶7 Plaintiffs filed a timely notice of appeal. We have jurisdiction under Utah Code section 78A-3-102(3)(j).

## ANALYSIS

¶8 Although plaintiffs appealed the entirety of the district court's summary judgment decision, they have since conceded in their briefing to this court that the district court was correct in dismissing the majority of their claims as moot. So, the only claims that remain before us on appeal are the intentional infliction of emotional distress, the tortious interference, and the good faith and fair dealing claims. And, based upon the defendants establishing that the undisputed material facts showed that the defendants were entitled to judgment as a matter of law, the second argument defendants advanced in its motion for summary judgment, we affirm the district court's decision to dismiss these claims.[3]

---

[3] Before we explain why each of these claims fails, we must satisfy ourselves that they, unlike the majority of plaintiffs' claims,

(continued . . .)

¶9 Plaintiffs' counsel began his argument before us by echoing Justice Breyer's reference to Medicaid law as a "nest of statutes." Joseph D. Juenger, *In Light of Ahlborn-Designing State Legislation to Protect the Recovery of Medicaid Expenses from Personal Injury Settlements*, 35 N. KY. L. REV. 103, 103 (2008) (citation omitted). In our opinion, it would be unwise of us to rush headlong into this "nest" if we can "rest our decision of this cause upon simple and readily apparent grounds." *Napier v. Firemen's Ass'n of Chi.*, 293 N.E.2d 384, 386 (Ill. App. Ct. 1973). And, as set forth below, it is readily apparent that the remaining three claims fail as a matter of law.

¶10 In order to state a claim for the intentional infliction of emotional distress, a party must allege conduct so "outrageous and intolerable" that it offends "generally accepted standards of decency and morality." *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 37, 56 P.3d 524 (citation omitted). In their sole attempt to satisfy this element, plaintiffs contend, without citation to any authority, that if defendants acted unlawfully in asserting the liens and not billing Medicaid, then "an inference arises that their collective conduct was . . . outrageous and intolerable," giving rise to emotional distress damages. Asserting statutorily authorized liens instead of billing Medicaid, without more, cannot constitute outrageous and intolerable conduct. If it did, then every breach of contract or statutory violation would automatically give rise to an intentional infliction of emotional distress claim and tort damages, including punitive damages.

¶11 With respect to their tortious interference claim, plaintiffs allege in their complaint that defendants, by asserting the liens, interfered with their potential economic relations with Ms. Strumpf and Ms. Strumpf's insurer. On appeal, however, plaintiffs abandon

---

are not moot. In this respect, we altogether share the view of the Ninth Circuit: "Clear precedent establishes that this court must first determine whether this appeal is moot . . . ." *Mount Graham Coal. v. McGee*, 52 F. App'x 354, 354 (9th Cir. 2002). A claim is moot "when the requested judicial relief cannot affect the rights of the litigants." *Jensen v. IHC Hosps., Inc.*, 2003 UT 51, ¶ 132, 82 P.3d 1076 (citation omitted). Because here, despite the liens having been removed, each of the three remaining claims could still possibly give rise to an award of damages, they are not moot.

this claim and any potential damages by offering naught in response to defendants' argument that "filing a lawsuit against another person is not a 'potential economic relationship.'"

¶12 The last is plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, which inheres in every contract. And as with all contract claims, damages are an "essential element." *Eleopulos v. McFarland & Hullinger, LLC*, 2006 UT App 352, ¶ 9, 145 P.3d 1157. Based on the briefing before us, we are hard-pressed to understand plaintiffs' theory of damages given the removal of the liens. Indeed, the only tenable theory we can discern, which plaintiffs advanced in the summary judgment proceedings below, is that defendants' assertions of the liens delayed their settlement with Ms. Strumpf and her insurer. The problem with this theory, however, is—as defendants pointed out—that plaintiffs have produced no evidence that they could have or would have settled sooner but for the liens. In light of the foregoing, we exercise our prerogative to affirm the district court's decision to dismiss this claim, albeit on alternate grounds apparent from the record, i.e., plaintiffs' failure to demonstrate a genuine issue of material fact as to the damages element of their good faith and fair dealing claim. *See Dillon v. S. Mgmt. Corp. Ret. Tr.*, 2014 UT 14, ¶ 34 n.21, 326 P.3d 656 ("It is well settled that an appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record." (citation omitted)).

¶13 For the foregoing reasons, we affirm the decision of the district court.

————————