This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                                                  **No. 35,617**

**JAVIER CASTILLO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} Defendant pled guilty to trafficking a controlled substance, reserving the right to appeal the denial of his motion to suppress. We previously proposed to summarily reverse. The State has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we reverse.

{2} The pertinent background was set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3} The State argues that the district court did not err in invoking and applying the inevitable discovery doctrine *sua sponte*. [MIO 6-10]

{4} In the notice of proposed summary disposition we commented on the inadvisability of invoking or applying this doctrine *sua sponte*, given its highly fact-dependent nature. *See State v. Barragan*, 2001-NMCA-086, ¶ 17, 131 N.M. 281, 34 P.3d 1157 (commenting on this subject), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. Although the State suggests that "all the facts surrounding the execution of the search warrant and the discovery [of the contraband] were fully developed by the parties[,]" such that reliance upon the inevitable discovery doctrine was not unfair to Defendant, [MIO 9] this is conjecture. The record before us reflects that the parties were focused on the constitutionality of the interrogation. [RP 78-98; 107-11] Although the facts and circumstances

2

surrounding that interrogation were developed, we have no way of knowing what evidence might have been presented concerning the inevitability of discovery if the parties had been alerted to the relevance of this issue. We, therefore decline, to infer that Defendant was not unfairly surprised by the district court's unanticipated invocation of, and reliance upon the inevitable discovery doctrine in this case.

{5}     In its memorandum in opposition, the State further contends that insofar as the search of the residence was ongoing at the time, the impermissible questioning took place, "the discovery [of the drugs] which was pending but not yet realized[,]" such that the inevitable discovery doctrine should be regarded as applicable. [MIO 8] Although the pendency of the ongoing search provided an appropriate *context* for the application of the inevitable discovery doctrine, *see generally State v. Wagoner*, 2001-NMCA-014, ¶ 15, 130 N.M. 274, 24 P.3d 306 ("For the [inevitable discovery] doctrine to apply, the alternate source of evidence must be pending, but not yet realized."), more is required: the inevitability of discovery, through independent lawful means, must be demonstrated. *See State v. Haidle*, 2012-NMSC-033, ¶ 39, 285 P.3d 668 ("[T]he inevitable discovery doctrine applies where evidence that was obtained through unlawful police conduct *inevitably would have been otherwise discovered through a different and independent lawful means*." (emphasis added)). The applicable inquiry is whether the evidence would not have come to light 'but for'

3

the illegality. *See Wagoner*, 2001-NMCA-014, ¶ 22 ("The 'but for' test . . . has become the threshold inquiry in determining whether evidence is admissible under the independent source doctrine."). In this case, the record fails to establish such inevitability. To the contrary, based on the limited evidence and theories presented, the record merely reflects that the officers executing the warrant "could not find the methamphetamine they were searching for," and that the canine subsequently called to the scene had "alerted to an area in the kitchen," but no drugs were found there. [DS 6; MIO 3, 8] In the calendar notice, we posited that this supplied insufficient evidentiary support for the district court's determination that discovery of the drugs was inevitable. [CN 4-5] In its memorandum in opposition we understand the State to contend that insofar as officers had found digital scales, and insofar as the canine had alerted to an area of the kitchen "that shared a wall [with] the garage" where Defendant ultimately indicated that the drugs were located, the inevitability of discovery was properly inferred. [MIO 8] We remain unpersuaded. As we previously stated, "dogs are not infallible." *State v. Leticia T.*, 2012-NMCA-050, ¶¶ 6, 12, 278 P.3d 553, *rev'd on other grounds*, 2014-NMSC-020, 329 P.3d 636; *see also State v. Pacheco*, 2008-NMCA-131, ¶ 24, 145 N.M. 40, 193 P.3d 587 (cataloguing cases in which drug-sniffing canines failed to alert). And apart from the presence of the canine, the only evidence appearing in the record concerning the inevitability of discovery

4

was a coercive statement made by the interrogating officer, asserting that "they were going to find the methamphetamine anyway," so Defendant might as well "point it out." [MIO 3] This assertion was clearly made in the effort to induce Defendant to reveal the location of the contraband; as such, its substantive value is negligible. We therefore conclude that the record is insufficient to support reliance upon the inevitable discovery doctrine.

{6}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we reverse and remand for further proceedings consistent herewith.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**